REVISED August 10, 2007

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2007**

Charles R. Fulbruge III
Clerk

—————

No. 05-51634

—————

THE UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRANDON L. WALTERS

Defendant-Appellant

—————————

Appeal from the United States District Court
for the Western District of Texas

—————————

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Defendant-Appellant, Brandon Walters, appeals his post-Booker, non-Guideline sentence as unreasonable. Because we find that the district court did not give adequate explanation justifying the non-Guideline sentence, we VACATE and REMAND.

I.

Walters joined the Air Force in 2001, and was stationed at the Lackland Air Force Base in San Antonio, Texas. Walters began exhibiting inappropriate behavior towards others on the base, including the personnel manager, First Sergeant Janet McWilliams.  McWilliams recommended Walters be evaluated

by a mental health professional to assess his fitness for duty. A military psychiatrist diagnosed Walters with a narcissistic personality disorder, declared him to be "potentially dangerous," and recommended that he be discharged. McWilliams and another officer met with Walters to give him his discharge packet, and Walters became irate and threatened McWilliams. Several days later, Air Force officers escorted Walters to the airport for a one-way flight home, but he refused to board the plane, escaped from his escort, and checked into a local hotel.

Over the following weeks, Walters constructed a home-made bomb. He placed the bomb in a brown paper package addressed to McWilliams and left the package on the base. The package was placed in the intra-base mail system and delivered to McWilliams, who opened it in her office. Upon opening, the bomb detonated. McWilliams survived, but in addition to losing her left hand and several fingers on her right hand, she lost her belly button, suffered injury to her right eye, and sustained second and third degree burns. The bomb also damaged the building where she worked.

A jury convicted Walters on five counts related to the bombing.[1] The conviction included two counts (Count 2 and Count 4) under 18 U.S.C. § 924(c)(1) for use of a destructive device in relation to two crimes of violence, assault on a federal officer and causing damage to a federal building. Section 924(c)(1) carries a 30-year mandatory minimum sentence for a first offense, and a mandatory life sentence for a second offense. 18 U.S.C. § 924(c)(1)(B)(ii) & (c)(1)(C)(ii). Walters was initially sentenced to life imprisonment, a sentence the district court

---

[1] The five counts included:

Count 1:    Assault on a federal officer with a deadly weapon, 18 U.S.C. § 111(a), (b);

Count 2:    Use of a destructive device in a crime of violence (for Count 1 - assault), 18 U.S.C. § 924(c)(1);

Count 3:    Damaging a federal building with explosives, 18 U.S.C. § 844(f)(1), (2);

Count 4:    Use of a destructive device in a crime of violence (for Count 3 - damaging a federal building), 18 U.S.C. § 924(c)(1); and

Count 5:    Possession of an unregistered destructive device, 26 U.S.C. § 5861(d).

believed to be mandatory under the statute. On Walters' first appeal, we determined that it was error to sentence Walters on two convictions under § 924(c)(1) arising from the single use of one destructive device. United States v. Walters, 351 F.3d 159, 173 (5th Cir. 2003). This Court vacated the sentence and remanded for resentencing with instructions that the Government dismiss one of the two counts under § 924(c)(1).[2]

At resentencing, Walters still faced a statutory minimum sentence of 30 years on Count 2, the remaining § 924(c)(1) count, to run consecutive to any term imposed on Counts 1, 3, and 5. The Sentencing Guidelines recommended that Walters receive the minimum 30 years for the § 924 (c)(1) count, but the Government argued for a non-Guideline term of life imprisonment. The district court ultimately sentenced Walters to concurrent terms of imprisonment of 262 months on Counts 1, 3, and 5, and a consecutive, non-Guideline term of 720 months (60 years) of imprisonment on the remaining § 924(c)(1) count. Walters appeals to this Court, arguing that this sentence is unreasonable.

II

A non-Guideline sentence is "ultimately" reviewed for "'unreasonableness.'" United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006) (quoting United States v. Booker, 543 U.S. 220, 261 (2005)). "Where, as here, a district court imposes a post-Booker, non-Guideline sentence . . . we conduct our reasonableness review through an abuse-of-discretion lens, paying particular attention to the specific reasons given for deviating from the Guidelines." United States v. Armendariz, 451 F.3d 352, 358 (5th Cir. 2006).

At the resentencing hearing, the court indicated that it was "considering sentencing the defendant outside the advisory guidelines system to reflect the seriousness of the offense, promote respect for the law, to provide just

---

[2] Pursuant to our mandate, the Government dismissed Count 4, which was the count relating to the use of a destructive device to cause damage to a federal building.

punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes." After hearing arguments from counsel and testimony from McWilliams and her husband, the court confirmed that it was going to impose a non-Guideline sentence because "the guideline system does not adequately take into consideration the seriousness of the offense, the just punishment for the offense, and the protection of the public in this regard."

The court briefly mentioned that Walters was treated fairly by the military and that Walters was given the opportunity to leave the community peacefully. However, the court primarily focused on the fact that this crime involved the use of a bomb:

> Though the events in this case did occur before 9/11, the use of a bomb or bombs is no less deadlier or no less an act of terror....The message in this case and in every case where a bomb is used must be extremely clear. It is...[a] clear and specific [] act of terror. There is no other way to view the use of a bomb or bombs....The imposition of a lengthy sentence needs to be imposed to give adequate notice to those persons in this country or elsewhere who are willing to use a bomb, [that they] must be willing to serve a long term...sentence. There is no tolerance for use of a bomb especially when the use of a bomb has the greater potential of great injury.

The court then stated that the combined 982 month prison term was "of specific sufficient deterrence."

It appears from these comments that the district court based the non-Guideline sentence primarily on the fact that this was a bomb-related crime. The court at no time pointed to specific facts from the crime, other than the use of a bomb, to explain why 60 years, as opposed to the Guideline recommendation of 30 years, was appropriate.

A district court must use the applicable Guideline range as a "frame of reference" when imposing a non-Guideline sentence.  Smith, 440 F.3d at 707. "Additionally, the district court must more thoroughly articulate its reasons when it imposes a non-Guideline sentence than when it imposes a sentence

under authority of the Sentencing Guidelines. These reasons should be fact-specific and consistent with the sentencing factors enumerated in section 3553(a)."[3] Id. (citations omitted).

"A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." Id. at 708. We have held that the articulation of a factor already accounted for by the Sentencing Guidelines did not of itself suffice to justify a sentence which significantly departed from the Guidelines range. See, e.g., United States v. Perrin, 478 F.3d 672, 678 (5th Cir. 2007).

In support of its non-Guideline sentence, the court only articulated factors that are inherent in all bomb-related crimes, and not specific facts relating to

---

[3] The § 3553(a) factors include:
(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed--
     (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
     (B)   to afford adequate deterrence to criminal conduct;
     (C)   to protect the public from further crimes of the defendant; and
     (D)   to provide the defendant with needed educational or vocational training , medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for--
     (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)   any pertinent policy statement . . .;

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . .

18 U.S.C. § 3553(a).

this particular defendant and his actions. "The farther a sentence varies from the applicable Guideline sentence, the more compelling the justification based on factors in section 3553(a) must be." Smith, 440 F.3d at 707 (internal quotation marks omitted).

We recognize that, post-Booker, courts are given discretion to decide to depart from the Guidelines, and we do not believe that the court abused its discretion in deciding to depart. However, the degree of departure in this case is substantial, and there must be more than mere lip service to the § 3553(a) factors to justify such a departure.[4] We conclude that the court did not adequately articulate reasons consistent with the sentencing factors to support the reasonableness of this sentence.

### III

For the foregoing reasons, the sentence is VACATED and the case is REMANDED for resentencing.

---

[4] We call the court's attention to 18 U.S.C. § 3553(c)(2) which indicates that the reasons for sentencing must also be stated in the written judgment.