IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2007**

Charles R. Fulbruge III
Clerk

No. 05-50231
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE DEVORE-ZUNIGA,
also known as Jose Devora-Zuniga

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas, El Paso
USDC No. 3:04-CR-2173-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Devora-Zuniga pled guilty to one charge of illegal entry into the United States.  At sentencing, the district court calculated his Sentencing Guideline range as 57 to 71 months and then selected a 50-month sentence. Devora-Zuniga appeals that sentence.  He argues that he should be re-sentenced because the district court erred in calculating the sentencing range when it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined that his prior Colorado conviction for assault was a crime of violence. We agree.

1.      Devora-Zuniga failed to object to the district court's classification of his Colorado assault conviction as a crime of violence. We therefore review that alleged error to determine whether it is plain, and if so, whether it affected Devora-Zuniga's substantial rights. See United States v. Gonzales.[1]

2.      As the Government concedes, the district court plainly erred when it determined Devora-Zuniga's conviction for violating section 18-3-204 of the Colorado Revised Statutes was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). See United States v. Garcia.[2] That error resulted in a Guideline range of 57 to 71 months; the correctly calculated range was 15 to 21 months.

3.      The miscalculation also affected Devora-Zuniga's substantial rights. In United States v. Jones, we explained that this court has applied two different tests to determine whether the defendant's substantial rights had been violated when a non-Guideline sentence was given based on an incorrect Guideline calculation.[3] At times, we have applied a subjective test and held that a defendant's substantial rights are violated only when "there is a reasonable probability that, but for the misapplication of the guidelines, a lesser sentence would have been imposed."[4] Other times, we have applied an objective test

_____

[1] 484 F.3d 712, 714 (5th Cir. 2007) (per curiam).

[2] 470 F.3d 1143, 1146–49 (5th Cir. 2006); see also Gonzalez, 484 F.3d at 714 (holding that an incorrect Guideline calculation is an error that is plain).

[3] 444 F.3d 430, 434–38 (5th Cir. 2006), cert. denied 126 S. Ct. 2958 (2006).

[4] Id. at 438 (citing United States v. Ravitch, 128 F.3d 865 (5th Cir. 1997)).

and held that the proper inquiry is whether the district court "could" have imposed the same sentence.[5] This latter test requires us to determine whether the sentence imposed was reasonable.[6]

In Jones, we declined to determine which test was the appropriate one.[7] We again reserve that issue for another day. Devora-Zuniga's sentence cannot pass muster under either test.

5. There is a reasonable probability that, but for the misapplication of the Guidelines, Devora-Zuniga would have received a lesser sentence. The Government argues that the district court based its 50-month sentence solely on the particulars of Devora-Zuniga's case (specifically, his criminal history), as 18 U.S.C. § 3553(a) required it to, and the miscalculation that led to the Guideline sentence therefore played no part in the ultimate 50-month sentence. The Guideline sentencing range, however, is one of the § 3553(a) factors. The district court's discussion of Devora-Zuniga's criminal history and ultimate selection of a 50-month sentence was done with an eye toward the Guideline range—as we have put it, the Guideline range was the district court's "frame of reference." United States v. Walters.[8] Given that the court's frame of reference was significantly off the mark—the Guideline range used (57 to 71 months) was nearly four times as long as the correctly calculated range (15 to 21 months)—a reasonable probability exists that had the district court

---

[5] Id. (citing United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005)).

[6] See id.

[7] Id.

[8] 490 F.3d 371, 373 (5th Cir. 2007) (quoting United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006)).

correctly calculated the Guideline range, the sentence given would have been lower.

6.     The district court's sentence also was unreasonable. When a defendant is sentenced to a non-Guideline sentence, the district court is required to "more thoroughly articulate" its reasons for the sentence than it would have had it given a Guideline sentence.[9] Moreover, the further a defendant's sentence varies from the correctly calculated Guideline range, the "more compelling the justification" must be for the sentence.[10]

Here, the sentence the defendant received (50 months) is over two times the top end of the correctly calculated Guideline range (15 to 21 months). The district court handed out that sentence after briefly discussing the defendant's criminal history and then concluding: "Based on the information available to me, the circumstances of this case, and your particular circumstances, the court is going to find that a reasonable sentence in this case is 50 months of incarceration." Given the difference between the defendant's sentence and the correctly calculated Guideline range, the district court needed to provide a more compelling justification for the sentence. The sentence was therefore unreasonable.

Accordingly, we VACATE the sentence and REMAND for re-sentencing.

---

[9] Id. (quoting Smith, 440 F.3d at 707).

[10] Id. (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)).