# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-51223
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BRANDON L WALTERS

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:01-CR-434

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Brandon L. Walters appeals to this court for a third time from the sentence imposed by the district court for his convictions for assault on a federal officer, use of a device in relation to a crime of violence, damaging a federal building with explosives, and possession of an unregistered firearm. The relevant facts are set forth in *United States v. Walters*, 490 F.3d 371, 372 (5th Cir. 2007). The district court sentenced Walters to 1,082 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment. The court determined that the 360-month guidelines term of imprisonment for the use of a device in relation to a crime of violence count (count two) was insufficient and imposed an 820-month non-guidelines sentence on this count, to be served consecutively to the 262-month sentence imposed on the remaining counts. Walters challenges this determination. He argues that the district court committed procedural error by departing upward from the 360-month term, rather than from the 622-month upper limit of the guidelines range that applied if all of the sentences were combined, and that the district court erred by departing based on facts already taken into account by the Guidelines. Walters also asserts that the sentence imposed is substantively unreasonable and warrants a heightened standard of review because it constitutes a significant increase from an already significant sentence.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). We consider first whether the district court committed "a significant procedural error." *United States v. Delgado-Martinez,* 564 F.3d 750, 751 (5th Cir. 2009). If there is no procedural error or the error is harmless, we review the substantive reasonableness of the sentence. *Id*. at 751-53. Pursuant to *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 591 (2007), we review all sentences "whether inside, just outside, or significantly outside the Guidelines range . . . under a deferential abuse-of-discretion standard."

Because Walters did not raise his procedural arguments before the district court, we review the procedural issues only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *petition for cert. filed* (U.S. June 24, 2009) (No. 08-11099). Walters's argument that the district court sentenced him without considering the total sentence to which he was subject is misplaced. There is no indication that by imposing a variance on one count the district court was not considering the total sentence to which Walters was

subject. Indeed, the district court specifically stated that the 1,082 month sentence it imposed was sufficient after outlining the factors unique to both Walters's offense conduct and his behavior before and after the offense. Walters's contention that the district court erred by considering factors already taken into account by the Guidelines is also without merit. *See United States v. Williams*, 517 F.3d 801, 810-11 (5th Cir. 2008).

At Walters's 2008 resentencing, the district court clearly stated the grounds for imposing a variance and specifically related the § 3553(a) factors to Walters and to the particular characteristics of his offense. The court found the nature of the offense to be "an act of terror" and found that the circumstances in which it was carried out placed a large number of people at risk, noting that the bomb was left at the Air Force base. The court specifically took into account the devastating impact that the bomb had had on the victim and on her family. With respect to Walters's history and characteristics, the court found that he was unremorseful, took an uncommon interest in the damage he had wrought, and had acted in a manner contemptuous to the court and of the proceedings. The court found that Walters had been working on bomb making skills for a long period of time and that he had spent time planning the offense and considering what to use in the bomb to increase the potential for injuries. The court determined that Walters's actions indicated a level of dangerousness that required a higher sentence to protect the public and that a sentence outside of the guidelines range was necessary to serve the interests of deterrence.

Although the sentence imposed by the district court represents a substantial increase from the 360-month mandatory minimum sentence, the district court was in the best position to judge the defendant and the circumstances of the offense, and the reasons given by the district court for the sentence support a substantial increase. *See Williams*, 517 F.3d at 812-13. Given the discretion afforded the district court in making its sentencing determination, the sentence imposed is not an abuse of discretion and is not

unreasonable. *See Gall*, 128 S. Ct. at 597 (holding that the fact that an appellate court might have imposed a different sentence is not sufficient to reverse the district court's decision); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

AFFIRMED.