IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2008

Charles R. Fulbruge III
Clerk

No. 06-41160
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE BERNARDO RODRIGUEZ-RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARWOOD, CLEMENT, and PRADO, Circuit Judges.
PER CURIAM:

Defendant-appellant Rodriguez-Rodriguez was convicted on his plea of guilty of one count of having been found in the United States following deportation contrary to 8 U.S.C. § 1326. In July 2006, he was sentenced to 57 months' imprisonment. In his direct appeal to this court, he challenged his sentence, and we affirmed. Rodriguez-Rodriguez v. United States, 238 Fed. Appx. 16 (5th Cir., June 14, 2007) (per curiam) (unpublished). Appellant did not file a motion for rehearing in this court, but in September 2007 he filed a

Petition for Writ of Certiorari in the United States Supreme Court. On January 7, 2008, the United States Supreme Court entered its order therein, Rodriguez-Rodriguez v. United States, 128 S. Ct. 876 (2008), stating:

> "Motion of petitioner for leave to proceed in forma pauperis and petition for writ of certiorari granted. Judgment vacated, and case remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of Gall v. United States, 552 U.S. ____, 128 S. Ct. 586, ___ L.Ed.2d ____ (2007)."

The case is now before us again pursuant to that order of the Supreme Court.

Pursuant to our February 25, 2008 letter directive the parties have filed letter briefs addressing what further action this court should take in light of the Supreme Court's above referenced order.[1]

---

[1] On March 5, 2008, appellant filed a motion "to summarily vacate the judgment of sentence and remand for resentencing in light of Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 92007)." The motion also states that:

> "Assistant United States Attorney James L. Turner was consulted, and he advised that the government does not oppose this motion to summarily vacate the sentence and remand for resentencing. By its nonopposition to this motion, the government does not necessarily agree that Mr. Rodriguez-Rodriguez should receive a lower sentence on remand, and it reasserts its contention that the sentence imposed by the district court was reasonable."

Likewise on March 5 appellant filed his letter brief as called for by our February 25 directive, presenting his arguments that the sentence should be vacated and the case remanded for resentencing in light of Gall and Kimbrough. The same day the United States submitted its letter brief stating in relevant part as follows:

> "The United States, appellee, acknowledges and confirms that it is unopposed to Appellant's unopposed motion to summarily vacate the judgment of sentence and remand for resentencing in the light of the Supreme Court's decision in Gall v. United States, 128 S. Ct. 586 (2007). However, in the event that the Court does not grant the motion, the United States submits this supplemental letter brief in the alternative and in response to the Court's order on February 25, 2008, directing the parties to brief what further action this Court should take in light of Gall.
>
> . . .
>
> The United States reurges its argument and authority in its original brief in support of its position that (1) Rodriguez failed to rebut the presumption of

The PSR reflected an advisory guideline range of 57 to 71 months[2] and the district court rejected appellant's request for some wholly unspecified lower sentence, and sentenced him to 57 months' confinement (with credit for time served).

---

reasonableness that attached to his within-Guidelines sentence and (2) the sentence, at the lowest point in the Guideline range, was reasonable. The record shows that there was no procedural error in the sentencing process. This court should affirm the sentence imposed as reasonable under the procedures defined in Gall. (emphasis added).

. . .

In Rodriguez's case, the district court committed no procedural error. The district court did not improperly calculate the Guideline range, did not treat the Guidelines as mandatory or presumptively reasonable, did not fail to consider the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and did not fail[] to adequately explain the chosen sentence."

Though authorized by our February 25 letter, no response briefs have been filed.

[2] The PSR observed that:

"In light of the Supreme Court opinion in United States v. Booker, 125 S. Ct. 738 (2005), the Federal Sentencing Guidelines are now advisory. As stated in Booker, 'The district court, while not bound by the Guidelines, must consult those Guidelines and take them into account when sentencing.'"

The PSR likewise stated in its "sentencing options" section that under Booker "the guideline provisions listed below are advisory."

The appellant objected to the PSR only in three respects, each of which was overruled by the district court and none of which remain viable. He first asserted that the 16 level base offense level enhancement under U.S.S.G. § 2L.1.2(b)(1)(A)(ii) by reason of his prior Texas conviction for felony burglary of a habitation was improper because that Texas offense did not constitute "burglary of a dwelling" within the meaning of § 2L1.1.2 cmt. n.1(B)(iii) and hence was not a "crime of violence" for purposes of § 2L1.2(b)(1)(A)(ii). That contention, which is refuted by our decision in United States v. Garcia-Mendez, 420 F.3d 454 (5th Cir. 2005), has not been raised post-sentencing. His second objection was based on the fact that the indictment did not allege any prior conviction as assertedly required by Apprendi v. New Jersey, 530 U.S. 466 (2000). His third objection was that the PSR misstated the maximum sentence as being 20 years under § 1326(b)(2) because the two year maximum under § 1326(a) was controlling and Almendarez-Torres v. United States, 523 U.S. 224 (1998), which supported the PSR calculation, was no longer good law in light of Apprendi. These latter two objections were rejected in our prior opinion herein, as they have been in so many of our decisions, see United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005), and are not remotely implicated by the Supreme Court's direction "for further consideration in light of Gall."

Discussion

In Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court held that the court of appeals, in reversing the district court's below guideline-range sentence, erred by failing to give "the requisite deference" to the district court's decision as required by the "deferential abuse-of-discretion standard of review," id. at 598, that "applies to appellate review of all sentencing decisions – whether inside or outside the Guidelines range." Id. at 596. The Court further held that "[i]f the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness"," id." (citing Rita v. United States, 127 S. Ct. 2456 (2007)),[3] "[b]ut if the sentence is outside the Guidelines range, the [appellate] court may not apply a presumption of unreasonableness." Gall at 597.[4]

Gall went on to emphasize at some length the "[p]ractical considerations" favoring appellate deference to district court sentencing decisions, quoting with approval language from the amicus brief of the Federal Public and Community Defenders, including that "'[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case'" and "'gains insights not conveyed by the record.'" Id. (emphasis added). The Court also quoted from Rita, 127 S. Ct. at 2469, that "'[t]he sentencing judge has . . . greater

---

[3] Rita authorizes (but does not require) a "nonbinding appellate presumption that a Guidelines sentence is reasonable." See Rita, 127 S. Ct. at 2466.

[4] Gall also observed that the Guidelines are "the product of careful study based on extensive empirical evidence," and that:
> "In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may therefore take the degree of variance into account and consider the extent of a deviation from the Guidelines. We reject, however, an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." Id. at 594-95.

Such an appellate rule would "come too close to creating an impermissible presumption of unreasonableness for sentences outside of the guidelines range." Id. at 595.

familiarity with . . . the individual defendant before him,'" and from Koon v. United States, 116 S. Ct. 2035, 2047 (1996), that "'[d]istrict courts have an institutional advantage over appellate courts . . . especially as they see so many more Guidelines sentences than appellate courts do.'" Gall, 128 S. Ct. at 597-98. We note in this latter connection that the district judge here, at the time of the instant sentencing, had served as such in the Laredo Division of the Southern District of Texas for more than twenty-five years. Gall further quotes language from Koon, 116 S. Ct. at 2053, emphasizing the federal sentencing tradition of considering "'every convicted person as an individual'" and every case as "'unique'", but Gall then immediately goes on to say "[t]he uniqueness of the individual case, however, does not change the deferential abuse-of-discretion standard of review that applies to all sentencing decisions." Id. at 598.

Gall also contains the following general statements as to the proper sentencing process and appellate review, viz:

> ". . . a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. . . . the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. . . . He must make an individualized assessment based on the facts presented.
>
> . . .
>
> Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous

facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. at 596-97 (footnote omitted).

As directed by the Supreme Court, we have given further consideration to this sentencing appeal in light of Gall. Having done so, we remain convinced that affirmance of the sentence is called for and that Gall does not call for any other result.

The relevant differences between this case and Gall are vast. Here we affirmed a sentence within the advisory guideline range which had been correctly calculated by the district court, a sentence properly subjected on appeal to a nonbinding presumption of reasonableness, and we did not fail to give due deference to the district court's sentencing decision. By contrast, in Gall the court of appeals reversed the district court's out-of-guideline sentence, erroneously presuming it to be unreasonable for that reason and failing to accord the district court's sentence the deference it was due under the applicable abuse-of-discretion standard of review. Nothing of that kind happened here.

Appellant appears to argue that the district court committed some kind of unspecified significant procedural error. The court did not fail to calculate or improperly calculate the advisory guideline range, and properly used the Guidelines as the starting point and the initial benchmark. It did not treat the Guidelines as mandatory (indeed, the PSR specifically noted that they were advisory only and this was a year and half after Booker) or fail to consider the section 3553(a) factors or select a sentence based on clearly erroneous facts or fail to adequately explain the chosen sentence. The district court gave the parties an opportunity to argue for whatever sentence they deemed appropriate.

Apart from a brief, unsworn statement by the appellant, no evidence was presented at the sentencing hearing. The relevant facts are all contained in the PSR, as to which no relevant objection was made (see note 2, supra).

At the sentencing hearing the court first ascertained from appellant that he had gone over the PSR with his lawyer, was 39 years old, had been deported in 1999 and reentered in the summer of 2005. The court then stated "You say you had come to see your daughter?" to which appellant replied "yes."[5] Then the court stated:

> "You have a pretty bad record. You have an assault in 1990, attempted burglary of a habitation in 1994, possession of drugs in 1994, failure to identify in 1995, another burglary in 1997, and then a few other things that did not come to fruition. You've had several relationships with P[] and S[] and A[]. Different children along the way."[6]

Appellant responded "yes" and, after asked if he wanted to say anything further, responded as follows:

> "I only came to see my daughter and to work for a while, and then I was going to go back. In Mexico, my family is waiting. My daughter was sick. My daughter has been suffering from bronchitis since she was a baby, and that's the reason why I came. I have not seen her for six years and I wanted to see her. If you could give me a small time and I'm not coming back."

---

[5] The PSR reflects that appellant stated that in August 2005 he entered the United States by wading across the Rio Grande and he "was traveling to Dallas, to see his daughter. She is sick but he is unsure of the diagnosis. He wanted to see her and work for about three months to save some money. He expressed remorse . . . but that he needed to see his daughter and find out what is wrong."

[6] The PSR reflects that appellant had been married in Mexico to P, a Mexican national; they had one child, and were divorced in about 1990 or 1991. He had "a cohabiting relationship" with S (a United States citizen) in Dallas, from about 1993 to 2001, their daughter (born about 1997 or 1998) "has had bronchial problems since birth" and a totally unidentified "friend of the defendant told him that" S wanted him to see their daughter "because she was sick." Appellant has not seen S or the daughter "in over six years." Appellant has had a cohabiting relationship with A in Mexico since 2003; she has one daughter by a prior relationship who lives with them.

The court responded "No. Your record is too bad for that. I can't give you a small time. Anything else?" Appellant responded "That is all."

Appellant's counsel then addressed the court on the objections to the PSR (see note 2, supra), which he conceded were foreclosed by this court's precedents and Almendarez-Torres, and which the court announced were overruled. Then appellant's counsel further argued:

> ". . . we would ask the Court to consider a downward variance in this case. The prior offenses for which – which drive the 16 level enhancement are 1994 and 1997, Your Honor. The Defendant, as he indicated, was here wanting to make one last ditch effort to see his – his daughter, who is very ill. He was informed that she was ill and wanted to come and see her. He hadn't seen her in six years.
>
> The Defendant understands now that he's looking at very serious jail time whenever – whenever he's found here again. I don't think that he intends to come back after this time. I think that he's had enough. We would ask the Court to – to grant a downward variance in this case, and nothing further."[7]

The court then stated:

> "Well, I think, in your case, Mr. Rodriguez, I'm going to leave you where you are in the guidelines. You've had some serious stuff. Granted, not in the last few years, but pretty persistent. I am going to sentence you at the low end, though. You're – under the guidelines, you're looking at a low of 57 and a high of 71. I'll sentence you to the bottom of that to 57 months."

Appellant appears to argue that the district court gave undue weight to his criminal history score under the Guidelines. However, two of the five particular prior convictions specifically identified by the district court, the 1990 assault (as to which the PSR says "[a]ccording to the criminal complaint, the defendant struck the victim with a baseball bat on her shoulder") and the 1994 felony

---

[7] Nothing in the record suggests what even approximate length or range of sentence (or extent of "downward variance") counsel was seeking; the same is true of appellant's request for "a small time."

Counsel's statement that the daughter was "very" ill is not supported by anything in the record other than she was about eight years old, was "sick" and "has had bronchial problems since birth."

possession of a controlled substance, were assigned no criminal history points and contributed nothing to either his criminal history score (seven) or his criminal history category (IV) and hence had absolutely nothing to do with his advisory Guideline sentencing range of 57 to 71 months. This is likewise true of the "other things [on defendant's record] that did not come to fruition" mentioned by the district court. Moreover, other matters reflected by the PSR which had nothing to do with appellant's Guideline sentencing range but could reasonably be found to support a sentence not less than that imposed, include the fact that defendant had at least three prior deportations.[8] Also, the PSR reflects the defendant had used numerous aliases including several completely unlike his true name (e.g., "Martin Gomez" and "Gerardo Martinez," as well as others perhaps more similar to it such as "Jose Arrillano").[9]

It is amply clear that the district court duly considered and gave individualized attention to the defense pleas for a sentence lower than 57 months, but reasonably concluded, as it sufficiently explained at sentencing, that other factors, specifically including several factors not to any extent reflected in the applicable Guideline advisory range, counseled against such a sentence.

Appellant further argues that reversible sentencing error occurred because he was sentenced at a time when this court's post-Booker jurisprudence erroneously held, contrary to Gall, "that a sentence outside the guidelines

---

[8] This may have been what moved the district court at sentencing to strongly emphasize at some length that defendant would continue for the rest of his life to face serious criminal charges if he again illegally reentered "for any reason, no matter how noble you think it is."

[9] The indictment names defendant "Jose Bernardo Rodriguez-Rodriguez;" the PSR lists his "True Name" as "Jose Bernardo Rodriguez-Arellano."
We also observe that the facts of the 1994 attempted burglary of a habitation conviction, as reflected by the PSR, can reasonably be regarded as more aggravated than the usual such offense, as it involved an attempted entry at night by attempting to pry open the bedroom window of the house then occupied by a lone female, and the defendant giving an alias on arrest.

requires extraordinary circumstances, not considered, or inadequately considered, by the guidelines themselves." Appellant contends that such asserted holdings amounted to "essentially a restatement of the sentencing regime struck down in Booker" and hence resentencing is required. No such (or even remotely similar) contention was ever raised in the district court and hence our review is only for plain error under FED. R. CRIM. P. 52(b). United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005). We conclude that the requisite showing for Rule 52(b) reversal and remand has not been made. We recognize that certain of our opinions have arguably supported the view, rejected in Gall, that we may, at least in certain instances, require district courts to find extraordinary circumstances before they impose sentences outside of the guidelines range. See United States v. Williams, 517 F.3d 801, 811 (5th Cir. 2008).[10]

Even if we assume arguendo that Gall has now rendered certain prior aspects of our post-Booker jurisprudence not only erroneous but also plainly so, there is absolutely nothing to indicate that any such state of affairs influenced

---

[10] Williams cites the following cases in this respect: United States v. Walters, 490 F.3d 371, 374 (5th Cir. 2007); United States v. Perrin, 478 F.3d 672, 678 (5th Cir. 2007); United States v. Sanchez-Ramirez, 497 F.3d 531, 535-36 (5th Cir. 2007). Williams, 517 F.3d at 811 n.55. Appellant cites the same cases and also United States v. Tzep-Mejia, 461 F.3d 522, 527 (5th Cir. 2006); United States v. Leatch, 482 F.3d 790 (5th Cir. 2006), cert. granted, judgment vacated and remanded for further consideration in light of Kimbrough, 128 S. Ct. 862 (2008); and United States v. Guidry, 462 F.3d 373, 377 (5th Cir. 2006). The cited decisions of this court were all handed down after the July 17, 2006 sentencing in this case. Moreover, with the exception of Tzep-Mejia, all the cited cases deal with such different offenses, guidelines and sentences as to form an insufficient basis for concluding that they represent any clear mandate that any below guidelines sentence in this case would have been reversed by this court on appeal by the government. In Tzep-Mejia we reviewed for reasonableness and affirmed a non-guideline sentence imposed by the district court in a § 1326 illegal reentry case in which we noted that the district court "after carefully considering the guidelines, decided to impose a non-Guideline sentence based on individualized § 3553(a) factors," id. at 528, particularly the seriousness of his prior assault offense which was not adequately taken into account by the assumed guideline range. Id. at 526. Tzep-Mejia undermines appellant's contention that prior to Gall we would not have affirmed an out-of-Guideline range sentence here.

the sentence imposed in this case, and certainly affirmance of the instant sentence would not seriously adversely affect the fairness, integrity or public reputation of judicial proceedings. Neither the district court, nor the PSR, nor counsel for the government, nor defense counsel, ever stated or took the position below that any sentence less than 57 months would be presumed to be legally erroneous or that such a sentence could only be imposed if the case presented extraordinary circumstances, not considered, or inadequately considered, by the guidelines.[11] There is absolutely nothing in the record to indicate that the district court felt that a sentence of less than 57 months would be reasonable and appropriate under section 3553(a), or that the court likely would have imposed a lesser sentence than it did had it not felt constrained by this court's jurisprudence to sentence within the guidelines or to presume that a non-guideline sentence was improper or unreasonable. Indeed, nothing in the record indicates that the district court in making its sentencing decision here felt in any way limited in the alternatives it desired to consider by this court's sentencing jurisprudence, or in any way disagreed with the guidelines or felt that a sentence within the guideline range was too harsh, or had any inclination, for any reason, to impose a lesser sentence than it did. The fact that the district court knowingly imposed a sentence at the bottom of the guideline range does not suffice to show otherwise. See, e.g., United States v. Rodarte-Vasquez, 488 F.3d 316, 322 (5th Cir. 2007) (pre-Booker sentence, Booker objection raised for first time on appeal, requisite prejudice not shown by fact that sentence at bottom of guideline range); United States v. Duarte-Juarez, 441 F.3d 336, 339 (5th Cir.), cert. denied, 122 S. Ct. 161 (2006) (same). Similarly, post-Gall, in United States v. Cisneros-Gutierrez, 517 F.3d 751 (5th Cir. 2008), the defendant challenged on appeal his bottom of the guideline range sentence arguing "that the district court

---

[11] Indeed the government filed no objection to the PSR, filed nothing with the court below concerning sentencing, and said nothing at the sentencing hearing.

improperly treated the Guidelines range as presumptively reasonable." Id. at 764. We rejected that contention and affirmed. We noted the district court's conclusion that "although I do believe that a sentence at the bottom of the range is appropriate, this is a case that I believe should be sentenced within the advisory guidelines." Id. at 766 (internal quotations omitted). We then stated:

> "There is no indication in the district court's comments that it believed the Guidelines range presumptively should apply. The court understood that the Guidelines were advisory, but concluded that the Guidelines provided an appropriate sentencing range. In short, the district court disagreed with Defendant over whether the Guidelines sentence was appropriate; that, however, is a substantive, not procedural, conclusion . . . ." Id.

The same remarks are fully applicable here.

Appellant is not entitled to resentencing under the argument, not raised below, that his sentencing was under a regime of this court's post-Booker jurisprudence that amounted to "essentially a restatement of the sentencing regime struck down in Booker."

The district court committed no procedural error under Gall. We accordingly review the sentence under an abuse-of-discretion standard for substantive reasonableness. As the sentence is within the properly calculated guideline range we accord it a non-binding presumption of reasonableness. We conclude that it is fully reasonable, given appellant's record as reflected by the PSR, including his use of numerous aliases and his multiple deportations as well as his prior criminal convictions and the nature thereof.[12]

We have further considered this sentence appeal in light of Gall and we conclude that, applying Gall, the sentence should be and hereby is

---

[12] Appellant also relies on Kimbrough. We see nothing presently relevant in Kimbrough which is not covered by Gall, and the Supreme Court's order herein called for further consideration in light of Gall, but did not mention Kimbrough, which was handed down the same day. Nothing in Kimbrough points to a different result than that which we reach here.

AFFIRMED.[13]

---

[13] Appellant's March 5, 2008 motion to "summarily vacate the judgment of sentence and remand for resentencing in light of *Gall v. United States* and *Kimbrough v. United States*" is DENIED.