IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-40838
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE DANIEL CORDOBA-MARTINEZ, also known as Adrian Leguizamo-Martinez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-964-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Daniel Cordoba-Martinez (Cordoba) appeals the sentence of 70 months imposed following his plea of guilty to one count of being unlawfully present in the United States following deportation, a violation of 8 U.S.C. § 1326. Finding no error, we affirm.

Cordoba first contends that the sentence was procedurally unreasonable because the district court failed to articulate reasons for rejecting his arguments

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for a sentence below the advisory range of 70 to 87 months. Because Cordoba did not object on this basis in the district court, we review for plain error, which requires Cordoba to demonstrate (1) error, (2) that is clear or obvious, and (3) that affects his substantial rights. See United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000). If these conditions are met, we may exercise our discretion to correct the error "only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). The district court expressly stated that it had considered Cordoba's arguments for a non-guidelines sentence and the sentencing factors under 18 U.S.C. § 3553(a), and that it believed that the Guidelines provided a range that satisfied those factors. Given those circumstances, the court's reasons were sufficient. See Rita v. United States, 127 S. Ct. 2456, 2469 (2007).

Cordoba next argues that in light of Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), his sentence was substantively unreasonable. According to Cordoba, this court's precedent improperly restricted the district court's ability to deviate from the Guidelines in light of his mental and physical conditions absent extraordinary circumstances, a standard rejected in Gall. He also challenges the imposition of a 16-level enhancement pursuant to U.S.S.G. § 2L1.2, asserting that the Guideline is flawed and not entitled to deference because, like the Guideline at issue in Kimbrough, it was not based on empirical data or adopted under the usual Sentencing Commission procedures.

Although Cordoba generally argued for a sentence below the guidelines range based on his health and other factors, he did not contend that the sentencing regime created by our precedent was unduly restrictive, nor did he raise his policy challenge to § 2L1.2. Accordingly, we review those arguments for plain error. See United States v. Campos-Maldonado, __ F. 3d __, No. 07-20715, 2008 WL 2357364, at *2 (5th Cir. June 11, 2008); United States v. Rodriguez-Rodriguez, __ F. 3d __, No. 06-41160, 2008 WL 2332582, at *4-5 (5th

Cir. June 9, 2008).  Given our dispositions of similar arguments in Campos-Maldonado and Rodriguez-Rodriguez, we conclude that Cordoba has failed to demonstrate any reversible plain error.  To the extent that Cordoba may have preserved a substantive reasonableness challenge to his sentence based on his particular circumstances, he has failed to overcome the presumption of reasonableness that we afford the district court's sentence.  See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.