# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-40843
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARMANDO AMAYA-CAPETILLO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-322-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Armando Amaya-Capetillo appeals the sentence of 46 months imposed following his plea of guilty to one count of being unlawfully present in the United States following deportation, a violation of 8 U.S.C. § 1326. We affirm.

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Amaya is a native citizen of Mexico with no documents allowing him to enter, travel through, or remain in the United States. Immigration records reveal he has been twice deported, once on September 2, 2005 and again on July 17, 2006. While in this country, he has been convicted for transporting aliens in 1984 and 1991, indecency with a child in 1993, unlawful entry in 2005, and driving while intoxicated in 2005. Amaya was found again in the United States on March 22, 2007 in Hidalgo, Texas. On May 31, 2007, Amaya pleaded guilty to one count of being unlawfully present in the United States in violation of 8 U.S.C. § 1326.

In its presentence report ("PSR"), the Probation Office calculated Amaya's base offense level at eight. Amaya received a sixteen-level enhancement for the conviction for indecency with a child pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). The PSR subtracted two levels for acceptance of responsibility, resulting in a total offense level of twenty-two. The PSR calculated Amaya's criminal history to be category III, but noted that Amaya's two convictions for alien smuggling and conviction for indecency with a child did not trigger criminal history points due to the staleness of the convictions. The PSR noted that under U.S.S.G. § 4A1.3, the court could find that Amaya's criminal history score inadequately reflected his true criminal history. Amaya's criminal history category of III and a total offense level of twenty-two yielded a sentencing range of 51 to 63 months. At sentencing, the range was reduced to 46 to 57 months after an award of an additional one-level reduction for acceptance of responsibility. Amaya filed no written objections.

However, at sentencing, Amaya raised an objection based on Apprendi v. New Jersey, 530 U.S. 466 (2000). In addition, his counsel asked the court for the "minimum time" in his case because Amaya's reason for the unlawful reentry

was to reunite with his family and to "get his wife to move back to Mexico." Counsel further argued that pursuant to 18 U.S.C. § 3553(a), the weight attached to the conviction for indecency with a child was excessive because it happened "several years ago" and Amaya received probation. Amaya also denied having committed the offense, although he pleaded guilty to it.

The district court overruled the Apprendi objection and concluded that a sentence within the guidelines range satisfied the factors under § 3553(a). The court then sentenced Amaya to 46 months in prison. Amaya filed a timely notice of appeal.

II.

Amaya argues that his sentence was unreasonable in light of Gall v. United States, --- U.S. ---, 128 S. Ct. 586 (2007), and Kimbrough v. United States, --- U.S. ---, 128 S. Ct. 558 (2007). According to Amaya, this court's precedent improperly restricted the district court's ability to deviate from the Guidelines absent extraordinary circumstances, a standard rejected in Gall. He also challenges the imposition of a sixteen-level enhancement pursuant to the United States Sentencing Guidelines § 2L1.2, asserting that the Guideline is flawed and not entitled to deference because, like the Guideline at issue in Kimbrough, it was not based on empirical data or adopted pursuant to the usual Sentencing Commission procedures.

Amaya is correct that in Gall, the Supreme Court rejected a standard requiring extraordinary circumstances to justify a sentence outside the guidelines range, reasoning that such a standard comes too close to creating a presumption of unreasonableness of a non-guidelines sentence. 128 S. Ct. at 595-96. Further, in Kimbrough, the Court made it clear that a sentencing court

may vary from the Guidelines based on policy considerations, including disagreements with the Guidelines, if the court feels that the guidelines sentence itself fails properly to reflect § 3553(a) considerations. Kimbrough, 128 S. Ct. at 570; see United States v. Williams, 517 F.3d 801, 809 (5th Cir. 2008) .

Taking into account the foregoing, Amaya's arguments are without merit. First, although Amaya generally argued that he should receive the "minimum" sentence and that the enhancement resulted in an excessive sentence, he did not raise the specific challenges to his sentence that he raises here, i.e., that the sentencing regime was unduly restrictive or that the sixteen-level enhancement Guideline is flawed and not entitled to deference. Accordingly, we review those arguments for plain error. See United States v. Rodriguez-Rodriguez, 530 F.3d 381, 387-88 (5th Cir. 2008); United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008). In Campos-Maldonado and Rodriguez-Rodriguez, this court rejected nearly identical arguments raised by Amaya in the present case. Campos-Maldonado, 531 F.3d at 339; Rodriguez-Rodriguez, 530 F.3d at 388-89.

In Rodriguez-Rodriguez, we were similarly presented with an appeal concerning a sentenced imposed by the district court before the Supreme Court's opinions in Gall and Kimbrough. 530 F.3d at 387-88. Although the district court had imposed a sentence within the Guidelines range, the Government did not oppose the defendant's request to remand the case to the district court for re-sentencing. Id. at 383 n.1. Nevertheless, we affirmed the district court's judgment without remand. We recognized that our earlier "opinions have arguably supported the view, rejected in Gall, that we may, at least in certain instances, require district courts to find extraordinary circumstances before

[imposing] sentences outside of the guidelines range." Id. at 388. But the court observed that:

> nothing in the record indicat[ed] that the district court in making its sentencing decision here felt in any way limited in the alternatives it desired to consider by this court's sentencing jurisprudence, or in any way disagreed with the guidelines or felt that a sentence within the guideline range was too harsh, or had any inclination, for any reason, to impose a lesser sentence than it did.

Id. Accordingly, even in light of Gall, we found the sentence reasonable and affirmed without remand. Id. at 389.

Amaya's arguments likewise do not withstand plain error scrutiny. As in Rodriguez-Rodriguez, there is nothing in the record to indicate that the district court believed it could not deviate from the Guidelines absent extraordinary circumstances or otherwise felt constrained to impose a sentence within the Guidelines; that the court thought that the Guidelines were too harsh; or that the court was in any way inclined to deviate below the guidelines range. The court heard the arguments and concluded that a sentence within the guidelines range satisfied the factors of § 3553(a). Thus, like the defendant in Rodriguez-Rodriguez, Amaya has not shown any reversible plain error.

Amaya's policy arguments regarding the sixteen-level enhancement likewise fail. This court rejected an identical challenge in Campos-Maldonado, noting that this court's precedent "did not preclude the district court from deviating from the guidelines range based on a conclusion that the 16-level enhancement resulted in an excessive sentence in light of [the defendant's] arguments." 531 F.3d at 339. Again, there is nothing to indicate that the district court felt constrained by precedent from considering Amaya's argument

5

that the resulting sentence was excessive because of the age of the conviction and the light penalty he received.

The sentence imposed was within a properly calculated guidelines range. It is, therefore, entitled to a presumption of reasonableness. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Beyond arguing that this court's precedent restricted the district court from considering his argument that the sixteen-level enhancement resulted in too harsh a sentence and that the enhancement is the result of a flawed policy, Amaya fails to offer any arguments that the within-guidelines sentence should not be presumed reasonable given his particular circumstances. Thus, to the extent that he may have preserved an objection to reasonableness based on his mitigating factors, he has not overcome the presumption of reasonableness. See Campos-Maldonado, 531 F.3d at 339.

The judgment of the district court is AFFIRMED.