IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-41140
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN JOSE LOPEZ-GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-167-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Jose Lopez-Garcia appeals the sentence of 84 months imposed following his plea of guilty to one count of being unlawfully present in the United States following deportation, a violation of 8 U.S.C. § 1326. We affirm.

Lopez-Garcia argues that in light of Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), his sentence was unreasonable. According to Lopez-Garcia, this court's precedent improperly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restricted the district court's ability to deviate from the Guidelines absent extraordinary circumstances, a standard rejected in Gall. He also challenges the imposition of a 16-level enhancement pursuant to U.S.S.G. § 2L1.2, asserting that the Guideline is flawed and not entitled to deference because, like the Guideline at issue in Kimbrough, it was not based on empirical data or adopted pursuant to the usual Sentencing Commission procedures.

Although Lopez-Garcia argued that he should receive a downward departure or variance based on the over-representation of his criminal history, his cultural assimilation, and his former drug addiction, he did not raise the specific challenges to his sentence that he raises here, i.e., that the sentencing regime was unduly restrictive or that the 16-level enhancement Guideline is flawed and not entitled to deference. Accordingly, we review those arguments for plain error. See United States v. Rodriguez-Rodriguez, 520 F.3d 381, 387-88 (5th Cir. 2008); United States v. Campos-Maldonado, 531 F. 3d 337, 339 (5th Cir. 2008). Given our dispositions of similar challenges in Rodriguez-Rodriguez and Campos-Maldonado, we conclude that Lopez-Garcia has failed to demonstrate any reversible plain error. To the extent that Lopez-Garcia may have preserved a substantive reasonableness challenge to his sentence based on the arguments he raised in the district court, he has failed to overcome the presumption of reasonableness that we afford the district court's sentence. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.