IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2008

Charles R. Fulbruge III
Clerk

No. 06-50259

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MOISES ESCARENO SANCHEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-299

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, and STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Moises Escareno Sanchez ("Sanchez") was convicted for possession of cocaine with the intent to distribute. On appeal, he argued, among other things, that his sentence was unreasonable. We affirmed his conviction and sentence. See United States v. Sanchez, 507 F.3d 877 (5th Cir. 2007). The Supreme Court vacated and remanded the case for further consideration in light of Gall v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States, 128 S. Ct. 586 (2007). See Sanchez v. United States, 128 S. Ct. 2428 (2008). We need reconsider only the sentencing issue on remand.

We review a district court's sentencing decision, whether "inside or outside the Guidelines range," under an "abuse-of-discretion standard." Gall, 128 S. Ct. at 597. Our role is to

> first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

Id.

Sanchez does not argue that there was any procedural error, nor can we find any. Instead, he argues that the sentence itself was unreasonable in light of his age, criminal history, and chance of recidivism. The judge sentenced Sanchez to 151 months of imprisonment, at the bottom of the Guidelines range, and expressly noted that he knew the sentence would be difficult for Sanchez because he was fifty years old. The judge found the sentence, however, to be appropriate and reasonable given the amount of drugs involved and the objectives of punishment, general deterrence, and incapacitation. The judge took into account the § 3553(a) factors in determining that a sentence of 151 months was warranted. This case is very similar to our remand decision in United States v. Rodriguez-Rodriguez, where we found a sentence at the bottom of the Guidelines range was reasonable in light of Gall. 530 F.3d 381 (5th Cir. 2008). After giving this case the further consideration required in light of Gall, we likewise "remain convinced that affirmance of the sentence is called for and that Gall does not call for any other result." Id. at 385. For the foregoing reasons, as

well as for the reasons stated in our earlier opinion, 507 F.3d 877, the judgment of the district court is AFFIRMED.