# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-40916
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MOISES BELMARES-DELGADO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-158-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Moises Belmares-Delgado (Belmares) pleaded guilty to attempting to enter the United States unlawfully after previous deportation. Belmares was sentenced at the bottom of the guidelines imprisonment range to a 57-month term of imprisonment and to a two-year period of supervised release. Belmares gave timely notice of his appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Belmares contends that this case should be summarily remanded for resentencing in light of Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007). Reviewing this contention for plain error, we find nothing in the record indicating that the district court felt constrained by this court's pre-Gall jurisprudence. See United States v. Rodriguez-Rodriguez, 530 F.3d 381, 387-88 (5th Cir. 2008); United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir.), petition for cert. filed (Aug. 20, 2008) (No. 08-5988). Instead, the record reflects that the district court imposed a guidelines sentence because of the need to punish Belmares and to deter him from future criminal conduct and because the guidelines sentence satisfied the 18 U.S.C. § 3553(a) factors.

Belmares contends that the district court failed to explain adequately and justify its sentence in terms of the factors in § 3553(a). Under the circumstances of this case, the district court's explanation for imposing a sentence at the bottom of the guidelines range is adequate to satisfy this "court that [the district judge] has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 127 S. Ct. 2456, 2468 (2007).

Belmares argues that his within-guidelines sentence should not be presumed to be reasonable under United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006), because the 16-level enhancement provided by U.S.S.G. § 2L1.2 is not "empirically grounded." We rejected a similar argument in Campos-Maldonado, 531 F.3d at 338-39. The judgment is

AFFIRMED.