IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-41261
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDWIN SIFREDO GALDAMEZ-FUNES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-443-ALL

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Edwin Sifredo Galdamez-Funes (Galdamez) appeals the sentence of 77 months imposed following his plea of guilty to one count of being unlawfully present in the United States following deportation, a violation of 8 U.S.C. § 1326.

Galdamez argues that in light of Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), his sentence should be vacated and remanded. He asserts that this court's precedent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improperly restricted the district court's ability to deviate from the Guidelines absent extraordinary circumstances, a standard rejected in Gall. He also challenges the imposition of a 16-level enhancement pursuant to U.S.S.G. § 2L1.2, asserting that the Guideline is flawed and not entitled to deference.

Although Galdamez generally argued that the guidelines range was excessive for this offense and that he should receive a below guidelines sentence, he did not raise the specific challenges to his sentence that he raises here, i.e., that the sentencing regime was unduly restrictive or that the 16-level enhancement is flawed and not entitled to deference. Accordingly, we review those arguments for plain error. See United States v. Rodriguez-Rodriguez, 530 F.3d 381, 387-88 (5th Cir. 2008); United States v. Campos-Maldonado, 531 F. 3d 337, 339 (5th Cir. 2008). Given our dispositions of similar challenges in Rodriguez-Rodriguez and Campos-Maldonado, we conclude that Galdamez has failed to demonstrate any reversible plain error.

The judgment of the district court is AFFIRMED.