# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-40891
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO JAVIER BARRAZA-MUNOZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-442-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Barraza-Munoz appeals the sentence of 70 months of imprisonment imposed following his plea of guilty to one count of being unlawfully present in the United States following deportation, a violation of 8 U.S.C. § 1326. Barraza-Munoz argues that in light of Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), his sentence should be vacated and remanded. He asserts that this court's

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

precedent improperly restricted the district court's ability to deviate from the Guidelines absent extraordinary circumstances, a standard rejected in Gall. Barraza-Munoz also challenges the imposition of a 16-level enhancement pursuant to U.S.S.G. § 2L1.2, asserting that the Guideline is flawed and not entitled to deference.

At sentencing, Barraza-Munoz generally argued that the guidelines range was excessive for this offense and that he should receive a below-guidelines sentence, but he did not raise the specific challenges to his sentence that he raises here: that the sentencing regime was unduly restrictive and the 16-level enhancement flawed and not entitled to deference. Accordingly, we review those arguments for plain error. See United States v. Rodriguez-Rodriguez, 520 F.3d 381, 387-88 (5th Cir. 2008); United States v. Campos-Maldonado, 531 F. 3d 337, 339 (5th Cir. 2008).

Barraza-Munoz fails to provide evidence sufficient to support either of his claims, and the record does not reveal any additional support. We follow our holdings on similar challenges in Rodriguez-Rodriguez and Campos-Maldonado, and we conclude that Barraza-Munoz has failed to demonstrate any reversible plain error.

The judgment of the district court is AFFIRMED.