IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-40386
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSCAR SANCHEZ-VALLADARES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-1370-ALL

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oscar Sanchez-Valladares appeals from his conviction of being found illegally in the United States. He contends that the district court inadequately explained its reasoning for sentencing him inside the applicable guideline sentencing range. He further contends that sentences calculated using the 16-level adjustment of U.S.S.G. § 2L1.2 are not entitled to deference because the adjustment is not supported by empirical evidence and national experience. He finally contends that deference to the guideline sentencing range precluded the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court from considering the reason for his illegal reentry into the United States.

Sanchez-Valladares did not contend in the district court that the court inadequately explained its reason for the sentence imposed. Our review is for plain error. United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008), cert. denied, 2008 WL 2914331 (Dec. 1, 2008) (No. 08-5514). Sanchez-Valladares's request for a lower sentence was based solely on his allegation that he illegally reentered the United States to look for his son. The district court heard his argument and the Government's argument that a within-range sentence was appropriate based on Sanchez-Valladares's history of arrests and convictions. The district court adopted the presentence report and determined that a within-range sentence was appropriate. The district court adequately explained the sentence. See Rita v. United States, 127 S. Ct. 2456, 2468-69 (2007). Sanchez-Valladares has not demonstrated error, plain or otherwise, as to the explanation for his sentence.

Citing the Supreme Court's decisions in Kimbrough v. United States, 128 S. Ct. 558 (2007) and Rita, Sanchez-Valladares next argues that the within-guidelines sentence imposed in his case should not be accorded a presumption of reasonableness. Sanchez-Valladares contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2L1.2, the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account empirical data and national experience. Sanchez-Valladares portrays the Kimbrough decision as having suggested that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience.

Our reading of Kimbrough does not reveal any such suggestion. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with

the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008). The appellate presumption is therefore applicable in this case.

To the extent that Sanchez-Valladares's brief may be construed as contending that the district court did not recognize the extent of its discretion in light of Kimbrough and Gall v. United States, 128 S. Ct. 586 (2007), he did not raise this argument in the district court, and the argument is reviewed for plain error. See Lopez-Velasquez, 526 F.3d at 806.

Sanchez-Valladares argued in the district court for a sentence below the guideline range based on his reason for reentering the United States illegally. The district court did not explicitly reject Sanchez-Valladares's argument, but nothing in the record indicates that the district court felt that a sentence below 70 months was appropriate or that the district court did not understand that it could depart or deviate from the guideline sentencing range. Sanchez-Valladares has failed to satisfy the plain-error standard. See United States v. Rodriguez-Rodriguez, 530 F.3d 381, 388 (5th Cir. 2008).

AFFIRMED.