IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2009

Charles R. Fulbruge III
Clerk

No. 07-41171
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICTOR TOMAS MENDEZ-HERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-940-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Victor Tomas Mendez-Hernandez pleaded guilty to illegal re-entry of a removed alien, in violation of 8 U.S.C. § 1326. He was sentenced, inter alia, at the low end of the advisory sentencing-guidelines range to 57-months' imprisonment. He contends his sentence is excessive and this court should remand to district court both for resentencing and to correct a clerical error in the judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-Booker, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse of discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. Gall v. United States, 128 S.Ct. 586 (2007). In that respect, its application of the guidelines is reviewed de novo; its factual findings only for clear error. E.g., United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008); United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

Mendez contends this case should be summarily remanded for resentencing because the Supreme Court's decisions in Gall and Kimbrough v. United States, 128 S.Ct. 558 (2007), "have drastically altered the legal landscape of federal sentencing from that which existed when Mr. Mendez-Hernandez was sentenced". He contends the sentence was unreasonable in any event because (1) the district court failed to properly consider the nature and circumstances of the offense and the history and characteristics of the defendant, as required under 18 U.S.C. § 3553(a)(1); (2) the district court failed to properly consider its authority to depart downward under the Guidelines, as required under §§ 3553(a)(4) and (5); and (3) the guidelines sentence imposed was unreasonably harsh.

Mendez did not contend in the district court that this court's post-Booker, pre-Gall/Kimbrough decisions were contrary to the Supreme Court's rationale in Booker. Accordingly, we review this contention only for plain error. See United States v. Rodriguez-Rodriguez, 530 F.3d 381, 387-88 (5th Cir. 2008). Nothing in the record suggests that the district court felt constrained by this court's post-Booker precedent from considering all of Mendez' bases for a more lenient sentence . See id. at 388; United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir.), cert. denied, 129 S.Ct. 328 (2008). Instead, the record reflects that the district court imposed a guidelines sentence because it was

appropriate, given Mendez' recidivism and because of the need to deter him from future criminal conduct. Mendez' bases for a non-guidelines sentence were considered and rejected. The district court gave due consideration to the nature and circumstances of the offense and to the history and characteristics of the defendant.

Because Mendez was sentenced within the guideline sentencing range, the sentence is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Mendez has not shown that the district court would have departed from the guidelines but for this court's pre-Gall precedent. On the contrary, the district court specifically noted that previous, shorter sentences had not deterred Mendez from illegally reentering the United States. No error has been shown, plain or otherwise. See Campos-Maldonado, 531 F.3d at 339; Rodriguez-Rodriguez, 530 F.3d at 388. Nor has Mendez shown that the district court abused its discretion by failing, according to Mendez, to give proper consideration to the § 3553 factors or by imposing an unreasonably harsh sentence. See Gall, 128 S. Ct. at 596-97.

Mendez also contends that the case should be remanded for correction of the judgment under Federal Rule of Criminal Procedure 36 because the judgment does not reflect the correct offense of conviction. According to Mendez, the judgment should reflect that he was convicted for being found unlawfully in the United States, as was charged in the indictment, and not "Re-entry of a deported alien," as it currently reads. This contention was rejected in United States v. Buendia-Rangel, 2008 WL 4155420 at *1 (5th Cir. 9 Sep., 2008) (No. 07-40879; unpublished).

AFFIRMED.