**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-20455
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HEATHER LOTT

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-430-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Heather Lott appeals her 18-month sentence for embezzling union funds. She argues that the district court erred in imposing an abuse-of-trust enhancement pursuant to U.S.S.G. § 3B1.3.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007), we must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable. Normally, our review is for an abuse of discretion. *Id.* at 597. As Lott failed to object to the § 3B1.3 enhancement, however, our review is for plain error. *See United States v. Rodriguez-Rodriguez*, 530 F.3d 381, 387-88 (5th Cir. 2008). To show plain error, the appellant must identify a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, we have the discretion to correct the error, but only if we conclude that it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To demonstrate an effect on her substantial rights in the context of a misapplication of the Guidelines, Lott must show a reasonable probability that, but for the sentencing court's error, she would have received a lesser sentence. *See United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005).

A § 3B1.3 enhancement is appropriate if a defendant occupied a position of trust and used that position to significantly facilitate the commission or concealment of the offense. *United States v. Ollison*, 555 F.3d 152, 165 (5th Cir. 2009). "A position of trust is characterized by (1) professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference), and (2) minimal supervision." *Ollison*, 555 F.3d at 166.

Even assuming that the district court clearly or obviously erred in finding that Lott occupied a position of trust, reversal is not warranted. In declining Lott's request for a downward variance, the district court stated that an 18-month sentence was appropriate in light of all relevant sentencing considerations. Albeit at the top, the sentence imposed falls within the assertedly correct guidelines range. Lott has not shown a reasonable probability that, but for the alleged error, the district court would have imposed a lesser sentence. *See Villegas*, 404 F.3d at 364. We therefore AFFIRM.