REVISED JULY 16, 2009
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-50680
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAIME PENA-GOMEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-3210-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jamie Pena-Gomez appeals his sentence after his guilty plea conviction for illegal reentry following deportation. Because Pena previously had been convicted of importation of a controlled substance, his offense level was adjusted upward by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). The district court denied Pena's request for a downward variance for the guidelines range

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

and sentenced him to forty-six months of imprisonment and three years of supervised release.

Pena contends that his sentence was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a)(2). Pena concedes that this court ordinarily applies a presumption of reasonableness to within-guidelines sentences. See United States v. Campos-Maldonado, 531 F.3d 337, 338 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008); United States v. Gomez-Herrera, 523 F.3d 554, 565–66 (5th Cir.), cert. denied, 129 S. Ct. 624 (2008). Citing Kimbrough v. United States, 128 S. Ct. 558, 574–75 (2007), Pena contends that the presumption should not apply in this case because § 2L1.2 is not empirically supported. Because Pena did not raise his current empirical argument in the district court, it is reviewed for plain error only. See United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005).

Pena's reliance on Kimbrough is misplaced as the Court did not address the applicability of the presumption of reasonableness. The district court considered Pena's request for leniency in light of his personal circumstances, but ultimately determined that a sentence within the guidelines range was appropriate. Pena's within-guidelines sentence is presumptively reasonable, and Pena has not shown that his sentence is unreasonable. See Campos-Maldonado, 531 F.3d at 338; Gomez-Herrera, 523 F.3d at 565–66.

Pena argues that the district court abused its discretion by imposing a three-year term of supervised release. He contends that the court failed to make an individualized assessment of the propriety of supervised release and simply imposed it based on its usual practice in illegal reentry cases. Specifically, Pena avers that the court failed to account for the fact that he will likely be deported from the United States following completion of his term of imprisonment, thereby making it impossible to fulfill the rehabilitative or monitoring goals of supervised release. He contends that the district court's rejection of his request for no term of supervised release thus appeared to be aimed at "deterring

another illegal reentry" or "reserving additional punishment" should he return, both of which he maintains are impermissible bases for imposing a term of supervised release.

The district court may impose upon a defendant a term of supervised release as part of its sentencing decision. See 18 U.S.C. § 3583(a). This court reviews the portion of a sentencing decision related to an imposed imprisonment term based upon the Sentencing Guidelines under a deferential abuse of discretion standard. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008).

Pena's three-year supervised release term was authorized by statute and was within the applicable guideline ranges. See §§ 3583(b)(2), 3559(a)(3); 8 U.S.C. § 1326(b)(2); U.S.S.G. §§ 5D1.1(a), 5D1.2(a)(2). Although Pena is correct that a district court, in fashioning a sentence, is to treat "every convicted person as an individual and every case as [] unique," "[t]he uniqueness of the individual case, however, does not change the deferential abuse-of-discretion standard of review that applies to all sentencing decisions." Gall v. United States, 128 S. Ct. 586, 598 (2007) (citation and quotation marks omitted); see also United States v. Rodriguez-Rodriguez, 530 F.3d 381, 384–85 (5th Cir. 2008). Because the district court's supervised release term was within both the statutory and applicable guideline ranges, it is presumptively reasonable, and this court "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005); see also Rita v. United States, 127 S. Ct. 2456, 2463–65 (2007). The judgment of the district court is AFFIRMED.