**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-60340

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JAMES VAUGHN RANKIN,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi

Before JONES, Chief Judge, and JOLLY and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

James Rankin was convicted of manufacture, possession, and transport of explosive materials. At his sentencing, the district court refused to apply a cross-reference provision for attempted murder. The government appeals, and we vacate and remand.

I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2004, based on information from a confidential informant, the Bureau of Alcohol, Tobacco, and Firearms (ATF) began investigating James Rankin due to his apparent involvement with manufacturing and distributing illegal explosive devices. An undercover ATF agent contacted Rankin

in October 2004 and requested that he build a timed explosive device for her to purchase. The two later met in person, and Rankin discussed a variety of devices that he could make, including a briefcase bomb that would detonate when the briefcase was opened. Rankin told the officer that if she wanted someone "taken care of," his devices would suffice. The undercover officer did not arrange to buy anything at this time.

On November 6, 2004, the officer again contacted Rankin to purchase a bomb. The two met on November 9, 2004, in a Home Depot parking lot. Rankin removed a briefcase from the back of his car and put it in the officer's vehicle. He told her that the bomb would detonate when the briefcase was opened and that there was no way to turn the bomb off. The undercover agent then told Rankin that she wanted to use the bomb to kill her ex-husband, and Rankin assured her that the bomb would kill him. If the bomb for some reason did not work, Rankin said he would give her the next one free. The officer then closed her trunk and drove away. Rankin was arrested as he left the parking lot. Explosives experts confirmed that the bomb would have worked and then safely detonated it.

Rankin was tried and convicted of three counts of criminal violations related to his receipt of materials to build the bomb, his manufacture of the device, and his delivery of the weapon to the agent.[1] At sentencing, the probation officer applied § 2K1.3 to count one and § 2K2.1 to counts two and three.[2] The Presentence Report (PSR) applied §2 K1.3(b)(3)(B) and § 2K2.1(b)(5), both specific offense characteristic provisions, to calculate Rankin's offense level. The government objected,

---

[1]Rankin was charged in Count 1 under 18 U.S.C. § 844(d), Count 2 under 26 U.S.C. §§ 5841, 5861(d), & 5871, and Count 3 under 26 U.S.C. §§ 5822, 5861(f), & 5871.

[2]The 2004 edition of the Sentencing Guidelines apply in this case.

arguing that § 2K2.1(c)(1)(a) and § 2K1.3(c)(1)(a), the cross-reference provisions, should be applied because Rankin knew that the bomb was going to be used to commit murder. Alternatively, the government argued that the district court should upwardly depart when sentencing Rankin. The probation officer declined to accept the government's objection, stating, "[i]n the instant offense, there was no commission or attempted commission of any further felony offense since this was a sting operation." The district court agreed with the probation officer and declined to apply the cross-reference or to upwardly depart. Rankin was sentenced to fifty-one months of imprisonment on count one to run concurrently with a fifty-one month sentence on counts two and three. The government appealed, arguing both that the district court erred in not applying the cross-reference and in not upwardly departing.

## II. DISCUSSION

In this sentencing case, we are reviewing the legal determination of the district court that the cross-reference provision does not apply in the context of a sting operation. We review the legal determinations of the sentencing court de novo. *United States v. Charon*, 442 F.3d 881, 887 (5th Cir.), *cert. denied*, 127 S. Ct. 260 (2006). We note that the district court below did not make factual findings and thus, did not determine whether Rankin actually did have knowledge or intent that another felony would be committed. That determination, if it had been made, would be reviewed for clear error. *Id.*

The relevant portions of the cross-reference read: "If the defendant . . . possessed or transferred any explosive material with knowledge or intent that it would be used or possessed in connection with another offense, apply (A) §2X1.1 (Attempt, Solicitation, Conspiracy) in respect to that other offense if the resulting offense level is greater than that determined above . . . ." U.S.S.G.

3

§2K1.3(c)(1).[3] The government argues that guideline § 2A2.1 for attempted murder would be the appropriate cross-reference in this case, raising the sentencing range to 121 to 150 months. The statutory maximum for Rankin's convictions is ten years; thus, Rankin's sentence would be 120 months under the cross-reference provision.

The district court legally erred in determining that factual impossibility rendered the application of the guideline inappropriate. "Factual impossibility is not a defense to a charge of attempt." *United States v. Partida*, 385 F.3d 546, 560 (5th Cir. 2004). Instead, attempt liability requires that the government prove two elements: "[F]irst, that the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense, and second, that the defendant had engaged in conduct which constitutes a substantial step toward the commission of the crime." *United States v. Farner*, 251 F.3d 510, 513 (5th Cir. 2001). Having reviewed the transcript of the sentencing hearing, we conclude that the district court relied on solely this legal error in sentencing Rankin. Therefore, we vacate his sentence and remand this case to the district court for resentencing. Additionally, because we remand this case on the above basis, we do not reach the government's second objection, that the district court's sentence was unreasonable because the district court did not upwardly depart.

### III. CONCLUSION

For the above reasons, we vacate the defendant's sentence and remand for sentencing proceedings consistent with this opinion.

---

[3]The cross-reference applicable to counts 2 and 3 reads almost identically: " If the defendant . . . possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply (A) §2X1.1 (Attempt, Solicitation, Conspiracy) in respect to that other offense if the resulting offense level is greater than that determined above . . . ." U.S.S.G. § 2K2.1(c)(1). We analyze the case using only the cross-reference provision from § 2K1.3, but the analysis applies to both guidelines.