IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-41193

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HERMAN CARR,

Defendant-Appellant.

Appeal from the District Court for
the Southern District of Texas
USDC No. M-06-768

Before BENAVIDES, SOUTHWICK, and HAYNES, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:[*]

Defendant-Appellant Herman Carr pleaded guilty to extortion under color of official right under 18 U.S.C. §1951(a). Carr challenges his eighty-seven month sentence. We affirm.

I.

On August 29, 2006, the Defendant-Appellant, Herman Carr, was charged by indictment with extortion under color of official right, in violation of 18 U.S.C. § 1951(a). The indictment alleged that Carr obtained $5,000 in exchange for

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

providing protection for a vehicle he believed contained five kilograms of cocaine. Carr entered a plea of guilty to the indictment on November 6, 2006. Carr admitted to the entire factual basis proffered for his guilty plea, which stated in part that while he was employed as a police officer for the city of Elsa, Texas, he accepted payment to escort a vehicle that he believed contained cocaine. On November 20, 2007, the district court sentenced Carr to eighty-seven months in prison followed by a two-year term of supervised release, as well as a $100 special assessment.

Applying the 2006 sentencing guidelines, the Presentence Investigation Report ("PSR") calculated Carr's total offense level by: (1) starting with an offense level of fourteen pursuant to USSG § 2C1.1(a)(1), the guideline applicable to extortion under color of official right; (2) adding two levels pursuant to USSG § 2C1.1(b)(1) on the ground that the offense involved more than one bribe or extortion; (3) adding two levels pursuant to USSG § 2C1.1(b)(2) for payments that exceeded five thousand dollars; and (4) adding four levels pursuant to USSG § 2C1.1(b)(3) for an offense involving an elected public official or any public official in a high-level decision-making or sensitive position. This calculation resulted in a total offense level of twenty-two. With an offense level of twenty-two and a criminal history of category I, Carr's guideline range would have been forty-one to fifty-one months.

However, the PSR then applied a cross reference under USSG § 2C1.1(c)(1), which provides that "[i]f the offense was committed for the purpose of facilitating the commission of another criminal offense, apply the offense guideline applicable to a conspiracy to commit that other offense if the resulting offense level is greater than that determined" pursuant to USSG § 2C1.1. Because Carr admitted during his plea colloquy that the extortion was committed for the purpose of facilitating the commission of another criminal offense—possession of cocaine with the intent to distribute—the district court

applied the cross reference. The district court assigned Carr a base offense level of thirty-two because he had been paid to escort what he believed to be over nine but less than fifteen kilograms of cocaine.[1] See 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; USSG § 2D1.1. Following a two-level safety valve reduction, a two-level increase for abuse of position of trust, and a three-level reduction for acceptance of responsibility, the district court determined that Carr's total offense level was twenty-nine. USSG §§ 2D1.1(b)(9), 5C1.2, 3B1.3, 3E1.1. Coupled with Carr's criminal history of category I, his total offense level of twenty-nine yielded a guidelines range of 87–108 months of imprisonment. The district court, applying the calculation under the cross reference, sentenced Carr at the bottom of the guidelines range to eighty-seven months of imprisonment. Carr timely filed a notice of appeal, raising four issues concerning his sentence. Each of these issues is addressed below.

II.

1. The district court did not err when it applied the cross reference under USSG § 2C1.1(c)(1).

This Court reviews questions of the interpretation and application of the federal sentencing guidelines de novo and the district court's factual findings for clear error. See United States v. Gonzalez-Terrazas, 516 F.3d 357, 360 (5th Cir. 2008); see also United States v. Rankin, 487 F.3d 229, 231 (5th Cir. 2007) (reviewing de novo the district court's refusal to apply a cross-referencing provision). Carr argues that, because there was no cognizable conspiracy, the district court erred in applying the offense guideline applicable to conspiracy to possess with intent to distribute cocaine pursuant to the cross reference provision contained in USSG § 2C1.1(c)(1). After hearing arguments by the

---

[1] This calculation added the amount of drugs Carr believed he was escorting in the charged offense, which occurred in August 2006, to an amount of drugs from uncharged conduct that occurred in March 2006 to reach the range of nine to fifteen kilograms.

parties regarding whether the cross reference should apply to the facts in this case, the district court overruled Carr's objection to the application of the provision and applied the cross reference. We hold that the district court properly applied the cross reference provision because Carr admitted that he committed the extortion offense for the "purpose of facilitating" the commission of a drug trafficking offense, which is all that is required under USSG § 2C1.1(c)(1).

Section 2C1.1(c)(1) of the sentencing guidelines provides that: "If the offense was committed for the purpose of facilitating the commission of another criminal offense, apply the offense guideline applicable to a conspiracy to commit that other offense, if the resulting offense level is greater than that determined [pursuant to § 2C1.1 (a) and (b)]." Carr admitted as part of the factual basis for his guilty plea that, while he was employed as a police officer, he accepted payment to escort a vehicle that he believed contained cocaine. In actuality, the vehicle contained no drugs, and, unbeknownst to Carr, the individual who paid him was an FBI informant. No other individuals were involved in the transaction.

Appellant argues that because, as a matter of law, he could not have conspired with the FBI informant who paid him, the court should not have applied the cross reference. See United States v. Reyes, 239 F.3d 722, 738 (5th Cir. 2001) ("[A] government agent cannot be a co-conspirator and . . . there can be no conspiracy between one defendant and a government informer."). However, although the cross reference is to the "guideline applicable to a conspiracy," it applies not when there has been a conspiracy, but rather when "the offense was committed for the purpose of facilitating the commission of another criminal offense." USSG § 2C1.1(c)(1). Thus, the issue of whether a conspiracy between Carr and the informant was legally impossible does not affect the applicability of the cross reference. By its plain language, § 2C1.1(c)(1)

requires only that the primary offense be committed for the "purpose of facilitating" another offense, leading to the application of the guideline for conspiracy to commit that other offense.

The only issue, then, is whether the district court found by a preponderance of the evidence that Carr had committed the extortion offense with the "purpose of facilitating" a drug trafficking offense. United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005) ("The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range."). Though the phrase "purpose of facilitating" has never been expressly defined by this Court, Carr's admission that he was being paid for the purpose of "escorting narcotics through the Elsa jurisdiction" and his belief that the FBI informant, who was posing as a drug trafficker, was transporting a number of kilograms of cocaine, provide sufficient evidence to support the court's application of the cross reference. The commentary accompanying § 2C1.1(c)(1) further supports the conclusion that conspiracy need not be proven to apply the cross reference:

> Under § 2C1.1(c)(1), if the payment was to facilitate the commission of another criminal offense, the guideline applicable to a conspiracy to commit that other offense will apply if the result is greater than that determined above. For example, if a bribe was given to a law enforcement officer to allow the smuggling of a quantity of cocaine, the guideline for conspiracy to import cocaine would be applied if it resulted in a greater offense level.

> Offenses involving attempted bribery are frequently not completed because the offense is reported to authorities or an individual involved in the offense is acting in an undercover capacity. Failure to complete the offense does not lessen the defendant's culpability in attempting to use public position for personal gain. Therefore, solicitations and attempts are treated as equivalent to the underlying offense.

USSG § 2C1.1, cmt., background. The commentary suggests that the purpose of the cross reference is to increase the sentence based on the defendant's intent to participate in the underlying offense, and contemplates the situation presented here. Thus, because USSG § 2C1.1(c)(1) does not by its language or stated purpose require that the elements of conspiracy be established, the court did not err in applying the provision to Carr's sentence.

> 2. The district court did not err in applying the enhancement for abuse of a position of trust under USSG § 3B1.3.

In determining Carr's offense level under the cross reference provision set forth in § 2C1.1(c), the district court applied a two-level increase pursuant to USSG § 3B1.3, which provides:

> If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels. This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic .

Carr argues that the district court's application of § 3B1.3 constitutes impermissible "double counting" because the base offense levels set forth in §2C1.1(a), the guideline for extortion (the offense of conviction), already take abuse of trust into account. This Court reviews the question of whether § 3B1.3 was properly applied in Carr's case de novo. Gonzalez-Terrazas, 529 F.3d at 296. This Court has previously addressed whether the abuse of trust enhancement is applicable to a sentence determined by a cross reference pursuant to § 2C1.1(c). United States v. Partida, 385 F.3d 546, 567 (5th Cir. 2004). In Partida, the defendant's sentence was calculated via the cross reference enhancement under the guideline for extortion under color of right, because his extortion offense was committed for the purpose of facilitating the commission of a drug trafficking offense. Id. Thus, in Partida, the upward adjustment was applied to the base offense level for the drug offense, not to the

base offense level for the extortion offense.  Partida, 385 F.3d at 567.  This Court noted that unlike the base offense levels for the extortion offense, the base offense levels in § 2D1.1 do not take a position of trust into account.  Id. Accordingly, this Court found the district court's enhancement of the sentence pursuant to § 3B1.3's abuse of trust provision was not in error.  Id.

Carr notes that the Partida decision was determined under the 2002 sentencing guidelines, which contained express language in the commentary to § 2C1.1 carving out an exception to the prohibition against applying § 3B1.3 in cases where the §2C1.1(c)(1) cross reference applied.  The commentary provided: "Do not apply § 3B1.3 . . . except where the offense level is determined under § 2C1.1(c)(1), (2), or (3) ." USSG § 2C1.1 cmt. n.6 (2003); see also Partida, 385 F.3d at 567 (relying upon commentary language).   However, as part of a 2004 amendment to § 2C1.1, the language expressly noting the allowance of the application of § 3B1.3 in § 2C1 .1(c)(1) cross reference cases was excised from the commentary notes.  The commentary to § 2C1.1 now reads:  "Do not apply § 3B1.3 (Abuse of Position of Trust or Use of Special Skill)." USSG § 2C1.1, cmt. n. 6 (2006).[2]

The excision of this language does not warrant a different result than that reached in Partida.  Carr's base offense level was not calculated pursuant to § 2C1.1(a), the guideline applicable to the offense of conviction— extortion under color of official right.   The district court applied the cross reference and sentenced Carr under the guideline applicable to conspiracy to possess cocaine, § 2D1.1.  The base offense level under § 2D1.1 does not take into account abuse

---

[2] Indeed, even in the absence of the express commentary,  the base offense level for the extortion offense under § 2C1.1(a) provides for a two-level increase to the defendant's base offense level, from twelve to fourteen, in cases where the defendant is a public official, thus exempting the offense from the application of the abuse of trust enhancement under the express language contained in the enhancement itself.  USSG § 3B1.3 ("This adjustment may not be employed if an abuse of trust or skill is included in the base offense level . . . .").

of trust, and the prohibition against the use of § 3B1.3 thus does not apply. The rules of interpretation in the sentencing guidelines confirm this result. Section 1.B1.5 of the sentencing guidelines, entitled "Interpretation of References to Other Offense Guidelines," states that "[i]f the offense level is determined by a reference to another guideline" pursuant to a cross reference, "the adjustments in Chapter Three (Adjustments) also are determined in respect to the referenced offense guideline, except as otherwise expressly provided." USSG § 1.B1.5(c). The abuse of trust adjustment, must therefore, in the case of a cross reference, be applied with respect to the referenced offense, here the conspiracy to possess cocaine, § 2D1.1. Because the commentary in § 2C1.1 is inapplicable with regard to adjustments once the offense level is determined pursuant to the cross-referenced guideline, and because the base offense level under § 2D1.1 does not take into account abuse of trust, the district court correctly applied the enhancement.[3]

> 3. Any potential error in the application of §2C1.1(b)(3) is harmless in light of the district court's proper application of the cross reference.

Carr argues that, in the event that this Court determines that the §2C1.1(c)(1) cross reference does not apply in the instant case, this Court should hold that the district court erred by applying a four-level enhancement for an offense involving a public official in a sensitive position to §2C1.1(b)(3). The four-level enhancement was applied only to the first PSR calculation, under the guidelines applicable to the extortion offense, which was not the calculation

---

[3] The commentary to the cross referencing provision under the extortion sentencing guideline, § 2C1.1(c), supports this interpretation by noting that enhancements such as the abuse of trust enhancement are applied with regard to the cross-referenced offense, and subsequently compared with the offense level determined under the offense of conviction, in order to determine which offense results in a greater offense level. See USSG § 2C1.1, cmt., n.5 ("For the purposes of determining whether to apply the cross references in this section, the "resulting offense level" means the final offense level (i.e., the offense level determined by taking into account both the Chapter Two offense level and any applicable adjustments from Chapter Three, Parts A-D.").

utilized by the district court in determining Carr's sentence. As the government correctly points out, the enhancement under §2C1.1(b)(3) was not applied to, and does not affect, the sentence imposed pursuant to the cross-referenced provision.[4] Because we hold that the district court did not err in applying the cross reference and sentencing Carr under §2D1.1, the issue of whether §2C1.1(b)(3) was correctly applied to Carr's potential sentence under § 2C1.1(a) need not be decided.

4.      The district court imposed a reasonable sentence.

Carr contends as his last point of error that his sentence was unreasonable in light of the changes to the federal sentencing regime wrought by Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007). Because Carr did not argue before the district court that this Circuits's precedent impermissibly restricted the court's discretion in sentencing, we review for plain error. See United States v. Rodriguez-Rodriguez, 530 F.3d 381, 387–88 (5th Cir. 2008).

In Rodriguez-Rodriguez, this Court recognized that certain "opinions have arguably supported the view, rejected in Gall, that we may, at least in certain instances, require district courts to find extraordinary circumstances before" deviating from the sentencing guidelines. 530 F.3d at 388. However, this Court went on to hold that where there was no indication the district court felt in any way limited in the alternatives it desired to consider by this Court's sentencing jurisprudence, or in any way disagreed with the guidelines or felt that a sentence within the guideline range was too harsh, or had any inclination to impose a lesser sentence than it did, affirming a within-guidelines sentence "would not

---

[4] The total offense level under the first calculation was used in determining whether to apply the cross reference, because the cross reference can only be applied when the cross-referenced provision results in a greater total offense level. However, the resulting offense level calculated under the drug guidelines was greater than the extortion adjusted offense level, regardless of whether the court applied the four-level increase for a public official in a sensitive position to the extortion offense level.

seriously adversely affect the fairness, integrity or public reputation of judicial proceedings." Id.; United States v. Olano, 507 U.S. 725, 736 (1993) ("The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.") (internal citation omitted).

As in Rodriguez-Rodriguez, there is nothing in the record to indicate that the district court believed it could not deviate from the guidelines absent extraordinary circumstances or otherwise felt constrained to impose a sentence within the guidelines; that the court thought that the guidelines were too harsh; or that the court was in any way inclined to deviate below the guidelines range. The district court stated with regard to the appropriateness of Carr's sentence that "the only question I would have is whether the sentence is sufficient. I know it's not more than necessary." Thus, like the defendant in Rodriguez-Rodriguez, Carr has not shown any plain error. Because there was no plain error, and the sentence imposed was within a properly calculated guidelines range, it is entitled to a presumption of reasonableness. Rodriguez-Rodriguez, 530 F.3d at 389.

## III.

For the foregoing reasons, the sentence imposed on Carr by the district court is AFFIRMED.