# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60274

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

KEVIN DEWAYNE WILLIAMS

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
No. 07-CR-7-1

Before JONES, Chief Judge, and KING and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Kevin Williams pleaded guilty to attempting to commit extortion affecting interstate commerce in violation of 18 U.S.C. § 1951(a) and was sentenced to 120 months of imprisonment. He appeals his sentence on both procedural and substantive grounds. First, he argues that the district court misapplied a cross reference in the relevant sentencing guideline, resulting in an inflated guidelines range. Second, he argues that the sentence was unreasonable in light of his post-offense military service, which he claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidences his rehabilitation. For the reasons stated below, we affirm the sentence.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Williams's indictment alleged that in 2003, while a police officer in Vicksburg, Mississippi, he agreed on two occasions to escort a shipment of cocaine as it passed through the county in exchange for cash payments from an undercover agent. Williams believed that the first shipment contained five kilograms and that the second shipment contained ten kilograms. Although the undercover agent continued to contact him regarding further shipments over the next year, Williams ceased participating.

At the March 18, 2008 sentencing hearing, the district court concluded, over Williams's objection, that the cross reference in U.S.S.G. § 2C1.1(c)(1) applied. Section 2C1.1(c)(1) provides:

> If the offense was committed for the purpose of facilitating the commission of another criminal offense, apply the offense guideline applicable to a conspiracy to commit that other offense, if the resulting offense level is greater than that determined above.[2]

The district court then looked to § 2D1.1, which applies to conspiracy to commit drug trafficking. The quantity table at § 2D1.1(c) sets a base offense level of 34 for "at least 15 KG but less than 50 KG of Cocaine." The district court added two levels for possession of a dangerous weapon pursuant to § 2D1.1(b)(1) and two levels for abuse of a position of trust pursuant to § 3B1.3; there was also a two-level decrease for acceptance of responsibility pursuant to § 3E1.1(a).

---

[1] Chief Judge Jones agrees that this sentence must be affirmed under applicable law, but she strongly believes that the government miscarried justice by insisting that this defendant be sentenced in this case on the basis of contrived amounts of non-existent cocaine. In her view, nothing in the defendant's past record suggests that the goals of rehabilitation or deterrence required a 10-year sentence of imprisonment; he abandoned his misdeeds voluntarily; he served this country without blemish in wartime.

[2] The phrase "determined above" refers to § 2C1.1(a)(1). Under this section, Williams's adjusted offense level would have been 22.

Thus, Williams's adjusted level of 36 and criminal history category of I resulted in a guidelines range of 188 to 235 months. The district court then sentenced Williams to a term of 188 months of imprisonment and three years of supervised release.

On March 24, 2008, the district court entered an order resentencing Williams to only 120 months of imprisonment and three years of supervised release pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.[3] The district court stated that its previous conclusion that there were insufficient grounds for a departure below the guidelines range was incorrect in light of its careful reconsideration of all the § 3553(a) factors and, specifically, its review of the documents related to Williams's Army career that were belatedly provided to it by defense counsel on the morning of the sentencing hearing. These documents established that Williams, who had previously served in the Army from 1989 to 1991, left the police department after his offense and rejoined the Army in early 2005. He performed admirably in the Army and was promoted to sergeant prior to his arrest in 2007. The documents included a letter of commendation from Williams's superior officer and various positive performance evaluations. The district court concluded that it was "now of the opinion that the defendant's service to his country before the indictment should be considered as a mitigating factor and that his service after the criminal conduct should also be

---

[3] Rule 35(a) of the Federal Rules of Criminal Procedures states that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The district court resentenced Williams within the seven-day period. We do not consider if the reasons proffered by the district court satisfy the "arithmetical, technical or other clear error" requirement, *see, e.g., United States v. Ross*, 557 F.3d 237, 243 (5th Cir. 2009) ("Any subsequent misgivings about the leniency or severity of the sentence do not constitute the type of error that is contemplated by Rule 35(a)"), because the government did not object at the time of resentencing and did not file a cross-appeal, *see Greenlaw v. United States*, 128 S. Ct. 2559 (2008) (holding that absent a government appeal or cross appeal, an appellate court may not *sua sponte* increase a district court's sentence to correct a plain error). Therefore, we assume without deciding that the district court's reconsideration of Williams's sentence was appropriate under Rule 35(a).

considered, as well." Despite this downward departure, Williams appeals his sentence.

## II. DISCUSSION

### A. Standards of Review

Williams makes two arguments on appeal. First, he claims that the district court procedurally erred in applying the cross reference in § 2C1.1(c)(1). We review the district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Johnston*, 559 F.3d 292, 294 (5th Cir. 2009). Second, he argues that his 120-month sentence was unreasonable in light of his post-offense Army service. We review the substantive reasonableness of a sentence that contains a downward departure under an abuse-of-discretion standard. *United States v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)).

### B. Guidelines Calculations

Williams first claims that the district court incorrectly calculated the range of his sentence. He argues that the § 2C1.1(c)(1) cross reference only applies when the defendant has been convicted of a conspiracy and that it was not possible for him to have been in a conspiracy with an undercover agent.[4] *See United States v. Asibor*, 109 F.3d 1023, 1032 (5th Cir. 1997) ("[T]here can be no conspiracy between one defendant and a government informer."). The

---

[4] Williams also argued that the cross reference should not apply because there were never any actual drugs in the vehicles he escorted. Assuming he challenges the quantity of drugs involved as being arbitrarily determined by the government, we conclude that this argument has no merit. *See United States v. Richardson*, 925 F.2d 112, 117–18 (5th Cir. 1991) (holding that there was no separation of powers problem in allowing the government to dictate the amount of money involved in an undercover laundering sting and that there was no due process violation because the defendant "freely decided to accept the negotiated amount"); *see also United States v. Burke*, 431 F.3d 883, 887 (5th Cir. 2005) ("[I]n convictions based on reverse-sting operations such as this one, where the actual quantity of drugs is controlled by the government instead of by the defendant, the quantity of drugs agreed upon more accurately reflects the scale of the offense than the quantity actually delivered." (citing U.S.S.G. § 2D1.1, cmt., n. 12)).

commentary following § 2C1.1 explains why Williams is incorrect and why the cross reference applies in this case:

> Under § 2C1.1(c)(1), if the payment was to facilitate the commission of another criminal offense, the guideline applicable to a conspiracy to commit that other offense will apply if the result is greater than that determined above. For example, if a bribe was given to a law enforcement officer to allow the smuggling of a quantity of cocaine, the guideline for conspiracy to import cocaine would be applied if it resulted in a greater offense level.

U.S.S.G. § 2C1.1, cmt., background.

The predicate for application of § 2C1.1(c)(1) is not the existence of a conspiracy, but rather that the purpose of the offense was to facilitate the commission of another criminal offense. At the sentencing hearing, Williams's counsel argued that *Burke*, which also involved a sting operation where a public official agreed to provide a police escort for cocaine shipments, establishes that there must be an actual conspiracy for the cross reference to apply. 431 F.3d at 885. Although there was a conspiracy of several officials involved in *Burke*, the court did not rely on that fact in applying § 2C1.1(c)(1). Instead, the court noted that "Burke had already admitted, during his plea colloquy, that the extortion was committed for the purpose of facilitating the commission of another criminal offense: aiding in the distribution of cocaine." *Id.* Thus, *Burke* reinforces our conclusion that the trigger for § 2C1.1(c)(1) to apply is that the purpose was to facilitate another crime.

Moreover, we rejected Williams's exact argument in a recent unpublished opinion based on similar facts. *See United States v. Carr*, 303 F. App'x 166 (5th Cir. 2008). The defendant in *Carr* was also a police officer who pleaded guilty under 18 U.S.C. § 1951(a) to accepting cash for "providing protection for a vehicle he believed contained five kilograms of cocaine." *Id.* at 167. The district court applied the § 2C1.1(c)(1) cross reference and sentenced him to eighty-seven months. *Id.* On appeal, Carr argued, just as Williams has in this case, that

5

"because, as a matter of law, he could not have conspired with the FBI informant who paid him, the court should not have applied the cross reference." *Id.* at 168. The court held that the cross reference "applies not when there has been a conspiracy, but rather when the offense was committed for the purpose of facilitating the commission of another criminal offense." *Id.* at 168–69 (internal quotation marks and citation omitted). We find *Carr* persuasive and accordingly reject Williams's interpretation of § 2C1.1(c)(1).[5]

Here, the district court correctly concluded that the purpose of Williams's actions was to facilitate the crime of drug trafficking by providing a police escort while the shipments of drugs passed through the county. At the sentencing hearing, Williams admitted that he understood the purpose of his services to be to protect a shipment of cocaine. The hypothetical example listed in the commentary to § 2C1.1(c)(1) is exactly the situation that occurred in this case. Thus, we conclude that the district court did not err in calculating Williams's guidelines range.

## C. *Substantive Reasonableness*

Second, Williams claims that his sentence was unreasonable because the district court "underrated" his military service in considering his post-offense rehabilitation. "Given the deference due the sentencing judge's discretion under the *Booker/Fanfan* regime, it will be rare for a reviewing court to say such a sentence [i.e., one within the appropriate guidelines range] is unreasonable . . . [and] we will give great deference to that sentence." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006) (internal quotation marks and citation omitted). "The fact that the appellate court might reasonably have concluded that a

---

[5] Although unpublished opinions are not precedential and binding on this court, we may cite them, as noted above, for their persuasive value and to maintain consistency in circuit jurisprudence. *See United States v. Meraz-Enriquez*, 442 F.3d 331, 333 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4); *see also* FED. R. APP. P. 32.1(a).

6

different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 128 S. Ct. at 597.

Williams's argument concerns the weight given to his Army service, not the failure to consider this service. The resentencing order makes clear that the district court carefully reviewed the belated documents and Williams's evidence of his post-offense rehabilitation as part of its § 3553(a) analysis. Indeed, the need for this deliberate review was the district court's impetus to vacate the original sentence. Williams' service to his country is admirable and worthy of consideration as a mitigating factor supporting a downward departure. However, we cannot say that the district court abused its discretion in deciding to reduce the sentence to 120 months, which was already less than two-thirds of the low end of the guidelines range, and not to a shorter length.

## III. CONCLUSION

For the reasons stated above, we AFFIRM Williams's sentence.