ROTH, Circuit Judge,
dissenting:
Although I agree with the majority that the District Court properly applied the cross reference in § 2Cl.l(c)(l), I do not believe that the application notes in § 2C1.1 precluded the District Court from applying an adjustment for breach of trust pursuant to § 3B1.3. Rather, I would hold that sentences calculated pursuant to a cross reference are not limited by the restrictions on adjustments applicable to the original Guideline, unless the Guidelines expressly make those restrictions applicable when using a cross reference.[1] I therefore respectfully dissent.
Solomon was eligible to receive a § 3B1.3 adjustment for abuse of trust because his sentence was calculated pursuant to § 2D1.1, not § 2C1.1. The Guidelines instruct that “[i]f the offense level is determined by a reference to another guideline ... the adjustments in Chapter Three (Adjustments) also are determined in respect to the referenced offense guideline, except as otherwise expressly provided.” Id. § lB1.5(c). Section 2C1.1 does not “expressly provide[]” that the sentencing court must not apply an adjustment for abuse of trust pursuant to § 3B1.3 when imposing a sentence through the cross reference in § 201.1(c)(1). Id. Rather it states, in full, “Inapplicability of § 3B1.S. — Do not apply § 3B1.3 (Abuse of Position of Trust or Use of Special Skill).” Id. § 2C1.1, cmt. n.6. Although this language plainly bars application of § 3B1.3 when the sentence is calculated pursuant to § 2C1.1, it is silent as to whether the ban on an abuse-of-trust adjustment applies when a cross reference is used. As such, it does not “expressly provide[ ]” that Chapter Three adjustments are not to be determined in respect to the referenced offense guideline. Id. § lB1.5(c); see Elliott v. Archdiocese of N.Y., 682 F.3d 213, 225-26 (3d Cir.2012) (defining “express” as “directly and distinctly stated or expressed rather than implied or left to reference”) (quoting Webster’s Third New International Dictionary 803 (Merriam-Webster 1986)).
When compared to other Guidelines, it becomes even more evident that § 2C1.1 does not expressly limit sentencing courts from applying an abuse-of-trust adjustment when the cross reference applies. Section 2K1.4(c), to take one example, di *372 rects courts sentencing a defendant who is determined to be a career offender on certain firearms charges to determine the guideline sentence by reference to § 4B1.1. In addition, § 2K2.4(c) expressly provides that, with certain exceptions, “Chapters Three and Four shall not apply to that count of conviction.” U.S.S.G. § 2K1.4(c). Unlike § 2K1.4(c), neither § 201.1(c) nor its application notes contain such express language precluding application of an abuse-of-trust adjustment when a cross reference is applied.
Simple logic also compels this result. Section 2C1.1 is unusual in that it directs the sentencing court to consider both the Chapter Two offense level and any applicable adjustments from Chapter Three when calculating the “greater offense level” for purposes of determining whether to apply a cross reference. See id. § 1131.5(d). If the limitations on Chapter Three adjustments applied equally to sentences calculated under § 2C1.1 directly and those under the cross reference, there would be no reason to consider Chapter Three adjustments at this stage. The Chapter Three adjustments would always be the same for both calculations and consideration of those adjustments would not add anything to the base offense level as determined by Chapter Two.
The fact that the relevant application note previously expressly indicated that an abuse-of-trust adjustment might apply when a sentence is calculated by cross reference should not change this result. As an initial matter, we should not consider the application note’s history because the plain meaning of the relevant Guidelines is conclusive. See In re Armstrong World Indus., Inc., 432 F.3d 507, 512 (3d Cir.2005) (“If the meaning is plain, we will make no further inquiry unless the literal application of the statute will end in a result that conflicts with Congress’s intentions.”).
Even considering the fact that the Guideline was amended, however, Amendment 666 does not support Solomon’s argument. The “Reason for Amendment” indicates that it was adopted to “increase! ] punishment for bribery, gratuity, and ‘honest services’ cases while providing additional enhancements to address previously unrecognized aggravating factors inherent in some of these offenses.” U.S.S.G. app. C amend. 666 (Supp.2004). To accomplish this end, the Sentencing Commission streamlined several previously dispersed Guidelines and provided higher alternative base offenses levels for public officials who abuse positions of public trust. Id. It would be odd in the extreme for the Sentencing Commission to have sought to increase the sentences of corrupt public officers by eliminating the use of a sentencing increase for abuse of trust when a cross reference applies. The cross-referenced Guideline would not account for the defendant’s status as a public official, and the offense level would be the same as if a member of the general public had committed this cross-referenced crime.[2] A sentencing court’s failure to apply § 3B1.3 would essentially ignore the defendant’s abuse of a position of trust despite the Sentencing Commission’s stated view that *373 “offenders who abuse their position of public trust are inherently more culpable than” other offenders. Id. In contrast to this language, there is no indication in the Sentencing Commission’s “Reason for Amendment” that supports the majority’s view. It is far more reasonable to conclude that the Sentencing Commission merely deleted language it thought was superfluous from the relevant application note.
Because I believe the District Court committed no error in applying a sentencing adjustment for abuse of a position of trust pursuant to § 3B1.5, I respectfully dissent.

. As the majority notes, a panel of the Fifth Circuit, in a non-precedential opinion, has reached the same conclusion. United States v. Carr, 303 Fed.Appx. 166 (5th Cir.2008). In a later precedential opinion, the Fifth Circuit has also affirmed application of an abuse-of-trust increase when applying the cross reference in § 2C1.1(c)(1). See United States v. Ruiz, 621 F.3d 390 (5th Cir.2010).

. The majority asserts that the cross-reference accounts for a defendant’s public official status because § 2C1.1 now sets the base offense level two levels higher for public officials as compared to other defendants. That increase, however, does not apply to drug crimes sentenced pursuant to § 2D 1.1 or any other offense guideline that would be cross referenced. Because the original and cross-referenced guidelines are calculated separately and then compared to determine which produces the higher resulting offense level, under the majority’s view the defendant’s public official status would not be accounted for at any point in calculating the result of applying a cross reference.