# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-50141
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OMAR MEDINA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:07-CR-143-3

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Omar Medina appeals his three concurrent 151-month sentences imposed following his guilty plea convictions for one count of conspiracy to possess with intent to distribute cocaine and two counts of aiding and abetting possession with intent to distribute cocaine. He does not argue that the district court erred in calculating the applicable guidelines range, but contends only that the stipulation that the sentences at issue run consecutively to a prior undischarged sentence was erroneous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under the discretionary sentencing system established by United States v. Booker, 543 U.S. 220 (2005), district courts retain a duty to consider the Sentencing Guidelines, along with the sentencing factors set forth in 18 U.S.C. § 3553(a). United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). This court reviews the sentence imposed for reasonableness in light of those factors. Id. at 519. In Gall v. United States, 128 S. Ct. 586, 596-97 (2007), the Supreme Court established a bifurcated process for conducting a reasonableness review. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). Pursuant to Gall, this court must first determine whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597.

If the district court's decision is procedurally sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." Id.; see also United States v. Williams, 517 F.3d 801, 808 (5th Cir. 2008) (discussing the Gall approach to reasonableness review). Further, "a sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Likewise, "a rebuttable presumption of reasonableness applies to a consecutive sentence imposed within the parameters of the advisory federal guidelines." United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006). Both 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.3 authorize district courts to impose sentences to run concurrently with or consecutively to undischarged sentences.

Medina complains that the district court failed to sufficiently articulate its application of the § 3553(a) factors. Because he did not object on this basis in the

district court, review is for plain error. See United States v. Rodriguez-Rodriguez, 530 F.3d 381, 387-88 (5th Cir. 2008). In imposing the instant sentences, the district court stated that it had considered the § 3553(a) factors. The district court was not required to engage in "robotic incantations that each statutory factor has been considered." United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006) (internal quotation marks and citation omitted).

Medina also argues that the district court imposed unreasonably long sentences by stipulating that his sentences were to run consecutive to his prior undischarged sentence. Even assuming that Medina sufficiently objected on this basis in the district court such that review under the abuse of discretion standard is appropriate, see Williams, 517 F.3d at 808, Medina's conclusory assertions fail to establish that the district court erred. Medina's consecutive sentences are within the applicable guidelines range and are entitled to a rebuttable presumption of reasonableness. Candia, 454 F.3d at 473. Furthermore, had the district court not specified one way or the other, the statutory presumption would have been that the instant sentences would run consecutively to his prior undischarged sentence. See § 3584(a); Candia, 454 F.3d at 475.

AFFIRMED.