# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-40414
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ISMAEL VALADEZ-SALINAS, also known as Juan Valadez-Carmona,
also known as Jose Luis Rangel-Hernandez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-1247-ALL

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ismael Valadez-Salinas appeals his 30-month sentence for being found illegally in the United States following previous deportation in violation of 8 U.S.C. § 1326. He argues that the district court erred in basing a four-level upward departure, in part, upon his October 2007 arrest for possession of 159 pounds of marijuana (2007 possession arrest).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An appellate court's review of a sentence must start with the issue whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). If the sentencing decision is procedurally sound, the appellate court then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

This court recognizes three types of sentences: (1) a sentence within the guidelines range, (2) an upward departure or downward departure provided for by the Guidelines, and (3) a non-guidelines sentence, or variance, that is outside the guidelines range. *United States v. Smith*, 440 F.3d 704, 706-07 (5th Cir. 2006). In the instant case, the district court specifically noted that it was imposing an upward departure pursuant to U.S.S.G. § 5K2.0(a)(3). The instant case thus involves a departure pursuant to the Guidelines.

Reasonableness review, in the context of a guidelines departure, requires this court to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). However, when, as here, a defendant fails to object to the reasonableness of the sentence imposed in the district court, review is for plain error. *See United States v. Rodriguez-Rodriguez*, 530 F.3d 381, 387-88 (5th Cir. 2008). To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 2009 WL 56591 (Jan. 12, 2000) (No. 08-7559). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public

reputation of judicial proceedings. *Id.* When the district court imposes a guidelines sentence, including a sentence with a departure pursuant to the Guidelines, this court infers that the district court has considered all the factors necessary under the Guidelines for a fair sentence and will rarely say that such a sentence is unreasonable. *United States v. Rajwani*, 476 F.3d 243, 249 (5th Cir.), *modified on other grounds*, 479 F.3d 904 (5th Cir. 2007).

A district court incorrectly applies the Guidelines by basing a departure upon a factor that the Sentencing Commission has expressly rejected as an appropriate ground for departure. *Williams v. United States*, 503 U.S. 193, 200 (1992). Section 4A1.3(a)(3), p.s., provides that a "prior arrest record itself shall not be considered for purposes of an upward departure." In *United States v. Jones*, 444 F.3d 430, 434-36 (5th Cir. 2006), this court held that it was plain error for a district court to take the "mere fact of prior arrests into account" at sentencing absent findings by the court, supported by reliable information, that the crimes underlying the arrests had actually been committed by the defendant. "Arrests, standing alone, do not constitute [such] reliable information." *Id.* at 434.

Even assuming that the district court plainly erred by basing the upward departure, in part, on the 2007 possession arrest, reversal is not warranted. In *Jones*, 444 F.3d at 438, this court held that when a district court plainly errs by basing a departure upon a prior arrest, reversal is not warranted if "the record as a whole does not indicate that it is reasonably probable [the defendant] would have received a lesser sentence" if the district court had not so erred. Although the district court mentioned Valadez's 2007 possession arrest more than once during sentencing, it emphasized that its consideration of an upward departure was based "mainly"on Valadez's 2006 Texas conviction for possessing 100 pounds of marijuana (2006 possession conviction). Indeed, in announcing the imposition of the upward departure, the district court explicitly based it upon the 2006 possession conviction and made no mention of the 2007 possession arrest. The

record as a whole thus does not indicate that it is reasonably probable that Valadez would have received a lower sentence but for the district court's consideration of the 2007 possession arrest. *See Jones*, 444 F.3d at 438.

Valadez also argues that the upward departure was excessive. Section 5K2.0(a)(3) provides that an upward departure is appropriate if a case presents a circumstance "taken into consideration in determining the guidelines range, if the court determines that such circumstance is present in the offense to a degree substantially in excess of, or substantially below, that which ordinarily is involved in that kind of offense." The district court determined that the presentence report did not adequately reflect the seriousness of Valadez's 2006 possession conviction. Given that Valadez admittedly possessed 100 pounds of marijuana, he fails to show that the district plainly erred by concluding that he intended to distribute the marijuana and that the 2006 possession conviction effectively constituted a drug trafficking offense under § 2L1.2. *See* § 2L1.2 comment. (n. 1(B)(iv)) (possession with intent to distribute among drug trafficking offenses); *cf. United States v. Kates*, 174 F.3d 580, 582 (5th Cir. 1999) ("Intent to distribute may be inferred from the possession of a quantity of drugs too large to be used by the defendant alone.") (21 U.S.C. § 841 drug possession case). Further, given that drug trafficking offenses qualify for, at minimum, a 12-level increase in offense level, *see* § 2L1.2(b)(1)(A) and (B), Valadez fails to show that the district court plainly erred in imposing the more modest increase at issue. *See Rodriguez-Rodriguez*, 530 F.3d at 387-88.

Valadez also contends that the district court erred by failing to adequately explain how the § 3553(a) factors justify his sentence. The district court stated that it had considered the § 3553(a) factors and specifically mentioned the need to avoid unwarranted disparity between Valadez and other similarly situated defendants with prior drug trafficking convictions. The district court was not required to engage in "robotic incantations that each statutory factor has been considered." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (internal

quotation marks and citation omitted). Further, because Valadez's sentence is a guidelines sentence, this court infers that the district court has considered all the factors necessary under the Guidelines. *See Rajwani*, 476 F.3d at 249. Valadez fails to show that the district court plainly erred by failing to sufficiently articulate its application of the § 3553(a) factors. *See Rodriguez-Rodriguez*, 530 F.3d at 387-88.

Although Valadez does not indicate what he believes would have been an appropriate guidelines range, had the district court not upwardly departed four levels, Valadez's guidelines range would have been 15-21 months of imprisonment rather than the 24-30 month range under which he was sentenced. The extent of the variance is less than other sentences that this court has affirmed. *See United States v. Brantley,* 537 F.3d 347, 348-50 (5th Cir. 2008) (applying plain error review and affirming a sentence that was 253% higher than the top of the guidelines range); *United States v. Smith*, 440 F.3d 704, 708 n.5, 709-10 (5th Cir. 2006) (upholding departure from guidelines range maximum of 27 months to 60 months); *Jones*, 444 F.3d at 433 (upholding departure from guidelines range maximum of 57 months to statutory maximum of 120 months); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005) (upholding departure from guidelines range maximum of 41 months to 120 months); *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995) (upholding departure from maximum of 71 months to 240 months).

AFFIRMED.